OPINION OF THE COURT
 

 Gabrielli, J.
 

 These two appeals involve the proper application of our recent decision in
 
 Matter of Petrofsky (Allstate Ins. Co.)
 
 (54 NY2d 207), regarding the scope of a master arbitrator’s powers when reviewing an arbitrator’s award made in compulsory arbitration.
 

 In Matter of Smith (Firemen’s Ins. Co.), the first of these appeals, petitioner Smith sustained personal injuries when he exited from the passenger side of a vehicle while it was being driven by his then spouse at a speed of 3Ó miles per hour. His claim for first-party benefits under a no-fault automobile policy was denied by respondent Firemen’s
 
 *229
 
 Insurance Company on the basis of its determination that Smith had caused his own injuries (a permissible policy exclusion under Insurance Law, § 672, subd 2, par [a]).
 

 Petitioner sought expedited arbitration of his claim pursuant to section 675 of the Insurance Law and the related regulation (11 NYCRR 65.16). The arbitrator found that Smith had intentionally left the vehicle, but that there was no indication that he intended to harm himself when he did so (there was testimony that Smith had military training in jumping and had jumped from a car at least once before, apparently without injury to himself). The arbitrator relied on
 
 McGroarty v Great Amer. Ins. Co.
 
 (36 NY2d 358, 364), where it was said: “it is not legally impossible to find accidental results flowing from intentional causes, i.e., that the resulting damage was unintended although the original act or acts leading to the damage were intentional”.
 

 The respondent insurance company appealed the adverse decision to a master arbitrator, pursuant to section 675 of the Insurance Law and the related regulation (11 NYCRR 65.17). The master arbitrator vacated the arbitrator’s award, finding that there was no rational basis on which the arbitrator could find Smith’s injury to have been caused unintentionally and that the arbitrator’s finding was therefore erroneous as a matter of law.
 

 Smith then commenced this proceeding to have the master arbitrator’s award vacated and the arbitrator’s award reinstated. Special Term granted this relief, holding that the master arbitrator had made a factual determination which was beyond his power of review. The Appellate Division reversed, concluding that the master arbitrator’s determination was within the broad power of review granted him and that a rational basis existed for the master arbitrator’s determination that the arbitrator’s finding was erroneous as a matter of law. We agree that the master arbitrator did not exceed his power in this case. There should be an affirmance.
 

 In Matter of Mott (State Farm Ins. Co.), the second of the two appeals before us, petitioner Mott sustained personal injuries in a one-car accident. His claim for first-party
 
 *230
 
 benefits was denied by respondent insurance company on the basis of Mott’s intoxication at the time of the accident (a permissible exclusion from coverage under Insurance Law, § 672; subtj 2, par [b]).
 

 An expedited arbitration hearing was held at Mott’s instance. The arbitrator awarded Mott first-party benefits finding that there was insufficient proof that Mott was intoxicated at the time of the accident. A blood test which showed Mott’s blood alcohol level to have exceeded the point of legal intoxication was disregarded by the arbitrator as “insufficient to qualify as probative evidence under [section] 1192 of the [Vehicle and Traffic] Law”. The arbitrator further found it relevant that Mott had not been convicted for driving while intoxicated.
 

 The master arbitrator vacated the arbitrator’s award, making the following findings: that the arbitrator should have considered the blood test results; that a conviction for driving while intoxicated is not a prerequisite to denial of first-party benefits; that other proof regarding the accident and surrounding circumstances was sufficient to prove Mott’s intoxication; and, finally, that Mott was injured as a result of operating a motor vehicle while intoxicated.
 

 Mott then brought this article 75 proceeding to have the master arbitrator’s award vacated on the basis that he exceeded his powers of review and to have the arbitrator’s award reinstated. Special Term granted the requested relief, without prejudice to the insurance company to again pursue the statutory master arbitration proceeding, finding that the master arbitrator had made findings of fact and conclusions of law beyond the authority granted him by the applicable Insurance Law and regulations. The Appellate Division reversed, holding that the master arbitrator did not exceed his authority inasmuch as a rational basis existed to support his finding that the arbitrator’s award was incorrect as a matter of law. We conclude, however, that the master arbitrator’s vacatur was based upon a review of procedural and factual matters outside his powers of review, and that the order of the Appellate Division should therefore be reversed.
 

 
 *231
 
 In
 
 Matter of Petrofsky (Allstate Ins. Co.)
 
 (54 NY2d 207,
 
 supra)
 
 we explained the principle that judicial review of a master arbitrator’s authority to vacate an award under section 675 of the Insurance Law (and related regulations) derives from CPLR 7511 (subd [b], par 1, cl [iii]) and involves the question of whether the master arbitrator has exceeded his power. We further set forth the bases upon which the master arbitrator is empowered to vacate an arbitrator’s award as follows: (1) a CPLR 7511 ground for vacatur exists (held to include the question of whether the award is supported by evidence or other basis in reason, as compulsory arbitration is involved [citing
 
 Mount St. Mary’s Hosp. of Niagara Falls v Catherwood,
 
 26 NY2d 493]); (2) the award exceeds the policy limitations; (3) the award is “incorrect as a matter of law”; (4) the award of attorneys’ fees is improper; (5) the award is inconsistent or irreconcilable with an award rendered in Health Services Association arbitration
 
 (Matter of Petrofsky [Allstate Ins.
 
 Co.], 54 NY2d 207, 210-211,
 
 supra).
 

 The ground relied upon for the master arbitrator’s vacatur of the awards involved in each of the present appeals is that the award was incorrect as a matter of law (11 NYCRR 65.17 [a] [4]). As noted in
 
 Petrofsky,
 
 this basis for vacatur by the master arbitrator does not include “procedural or factual errors committed in the arbitration below”, by virtue of the express language of the regulation. Thus, the precise question presented by both appeals is whether the master arbitrator exceeded the proper scope of review by passing upon factual or procedural questions, or whether he properly limited his review to questioning the award’s correctness as a matter of law.
 

 In the Smith case, the master arbitrator determined that, as a matter of law, one who exits a car traveling at 30 miles per hour intends to cause his own injury, and that no rational basis existed to support the arbitrator’s finding that the injury was unintentional. There is nothing to indicate that, in reaching this conclusion, the master arbitrator exceeded his statutory power by weighing the evidence or resolving issues such as the credibility of witnesses. Indeed, ,he explicitly concluded “The Arbitrator’s finding * * * is erroneous as a matter of law, and is
 
 *232
 
 therefore reversed”, and nothing in his award suggests that this is not an accurate statement of the basis for his reversal. Thus, it is clear that the vacatur was based upon the master arbitrator’s determination that the arbitrator had made an error of law. Such a determination is within the master arbitrator’s powers of review. Having made that determination, the courts are limited in their further review of the master arbitrator’s resolution of that error of law, since we generally will not vacate an arbitrator’s award where the error claimed is the incorrect application of a rule of substantive law (see
 
 Matter of Garcia v Federal Ins. Co.,
 
 46 NY2d 1040;
 
 Matter of Furstenberg [Aetna Cas. & Sur. Co.],
 
 49 NY2d 757), unless it is so “irrational as to require vacatur”
 
 (Cohn v Royal Globe Ins. Co.,
 
 49 NY2d 942, 944;
 
 Matter of McKenna v County of Nassau Off. of County Attorney,
 
 75 AD2d 815, affd 51 NY2d 902). There is nothing in this record to suggest that the master arbitrator’s award is irrational, and, no other ground for vacatur having been urged on this appeal, the master arbitrator’s award was properly reinstated, by the Appellate Division.
 

 In the Mott case, however, a different situation is presented. Here, the arbitrator’s award was vacated by the master arbitrator on the basis of conclusions which were quite clearly outside the master arbitrator’s review powers. These conclusions related to the propriety of the arbitrator’s refusal to consider the blood test results and to the weight of the evidence regarding Mott’s intoxication at the time of the accident. The question of the admissibility of evidence involves a procedural issue, and the master arbitrator’s differing view regarding this issue is an insufficient basis for vacating an arbitrator’s award. Furthermore, the master arbitrator is without power to vacate an award based upon a
 
 de novo
 
 review of the evidence
 
 (Matter of Petrofsky [Allstate Ins. Co.],
 
 54 NY2d 207, 212,
 
 supra).
 
 His scope of review in this regard is limited to determining whether the award was incorrect as a matter of law, and this ground for vacatur was not the basis for the decision in this case. Thus, Special Term properly vacated the master arbitrator’s award and reinstated the arbitrator’s award.
 

 Accordingly, in Matter of Smith (Firemen’s Ins. Co.), the order of the Appellate Division should be affirmed, with
 
 *233
 
 costs. In Matter of Mott (State Farm Ins. Co.), the order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court, Delaware County, to be remanded to the master arbitrator for further proceedings not inconsistent with this opinion; this disposition being without prejudice to an application to Supreme Court, Delaware County, for counsel fees.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 In
 
 Matter of Smith (Firemen’s Ins. Co.):
 
 Order affirmed, with costs.
 

 In
 
 Matter of Mott (State Farm Ins. Co.):
 
 Order reversed, with costs, and matter remitted to Supreme Court, Delaware County, with directions to remand to the master arbitrator.