■ MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent, v JAMES SINGLETON, Appellant. — Judgment, Supreme Court, New York County (Kirschenbaum, J.), entered February 9, 1981, vacating the award of the master arbitrator in favor of claimant Singleton, reversed, on the law, and vacated, application denied, petition dismissed and the master arbitrator's award reinstated, without costs. In a notice of intention to make claim filed with the Motor Vehicle Accident Indemnification Corporation (MVAIC), James Singleton stated that, as he was walking across a street, he was struck by a vehicle owned by Roosevelt McLain. The claim was predicated upon section 621-a of the Insurance Law. After investigation, MVAIC determined that the claim did not fall within the ambit of article 17-A of the Insurance Law because Singleton was not injured in an "accident". MVAIC's investiga-

tion showed that McLain deliberately injured Singleton with his car. Pursuant to Singleton's demand, the matter was referred to a hearing arbitrator (Insurance Law, § 675; 11 NYCRR 65.16). He found that Singleton, while probably inebriated, prostrated himself on the hood of McLain's car. The hearing arbitrator further found that McLain started his car, drove for some distance· and then came to a sudden stop. As a result of McLain's intentional actions, Singleton was thrown to the ground and was injured. The hearing arbitrator stated that, if this were an uninsured driver claim for third-party benefits under article 17-A, he would have decided against Singleton because there was no "accident" in this case. However, he reasoned that Singleton was covered for first-party benefits under section 621-a of the Insurance Law. The master arbitrator, using similar reasoning, upheld the portion of the award in favor of Singleton. Thereupon, MVAIC petitioned under CPLR 7511 (subd [b], par 1, cl [iii]) to vacate the master arbitrator's award in favor of Singleton. Special Term granted the petition on the ground that Singleton's injuries did not arise from an "accident" but arose from an assault and battery by McLain (*McCarthy v MVAIC,* 16 AD2d 35, affd 12 NY2d 922). Generally, where the error claimed is the incorrect application of substantive law by the master arbitrator, his award will not be vacated unless it is so irrational as to require vacatur. (*Matter of Smith [Firemen's Ins. Co.],* 55 NY2d 224, 232.) Normally, an arbitrator's award will not be vacated for errors of law or fact. (*Matter of Sprinzen [Nomberg],* 46 NY2d 623, 629.) It should be emphasized that the decision in the *McCarthy* case (*supra*), was prior to the enactment of section 621-a of the Insurance Law and article 18 of the Insurance Law. In this proceeding the master arbitrator was thus required to reconcile the *McCarthy* decision with that subsequent legislation. since the master arbitrator's determination is not irrational, we find no reason to vacate it. Concur — Murphy, P. J., Sandler, Carro, Silverman and Milonas, JJ.