■ In the Matter of ALLCITY INSURANCE COMPANY, Appellant, v ALEXANDER PUNTORNO, Respondent.—In a proceeding pursuant to CPLR article 75 to review a determination of a master arbitrator which vacated a decision of a Health Services Arbitration panel which found that the orthodontic services received by respondent were not causally related to his accident, petitioner appeals (1) from a judgment of the Supreme Court, Kings County (Jordan, J.), dated April 30, 1984, which denied its motion to vacate the master arbitrator's award and to reinstate the award of the Health Services Arbitration panel, and (2) as limited by its brief, from so much of an order of the same court, dated August 29, 1984, as, upon reargument, adhered to its original determination.

Appeal from the judgment dismissed. The judgment was superseded by the order made upon reargument.

Order affirmed, insofar as appealed from.

Respondent is awarded one bill of costs.

While a master arbitrator is not permitted to engage in a de novo factual review of the evidence before a Health Services Arbitration (HSA) panel, he may review the evidence to determine whether it is sufficient as a matter of law to

support the HSA decision *(Matter of Petrofsky [Allstate Ins. Co.],* 54 NY2d 207). Here there is no indication that the master arbitrator reviewed the weight of the evidence, evaluated the credibility of witnesses, or otherwise conducted an independent review of the evidence. His determination was based upon a finding that there was no evidence to support the HSA finding. Thus, the master arbitrator's determination was not in excess of the scope of his authority under 11 NYCRR 65.17 (e) (1) and should not be vacated *(see, Matter of Smith [Firemen's Ins. Co.],* 55 NY2d 224). Mollen, P. J., Thompson, Bracken and O'Connor, JJ., concur.