■ ST. VINCENT'S HOSPITAL & MEDICAL CENTER et al., Appellants, v COUNTY WIDE INSURANCE COMPANY, Respondent. [809 NYS2d 88]—

In an action to recover no-fault medical payments under an insurance contract, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), dated April 6, 2005, as denied those branches of their motion which were for summary judgment on the first and second causes of action and granted the defendant's cross motion for summary judgment dismissing those causes of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion which was for summary judgment dismissing the second cause of action, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the second cause of action is reinstated.

The Supreme Court correctly granted the branch of the defendant insurer's cross motion which was for summary judgment dismissing the first cause of action, asserted on behalf of the plaintiff St. Vincent's Hospital & Medical Center (hereinafter St. Vincent's), as the defendant established that St. Vincent's failed to submit its claim within 45 days after rendition of medical services (*see* 11 NYCRR 65-1.1). St. Vincent's legal and factual arguments in opposition are without merit.

The court erred, however, in granting the branch of the defendant insurer's cross motion which was for summary judgment dismissing the second cause of action, asserted on behalf of the plaintiff Brooklyn Hospital Center. Numerous questions of fact exist as to how this claim was processed in 2002 and again in 2004, whether it should be paid by a workers' compensation carrier, and even the correct amount thereof. As such, neither party demonstrated its prima facie entitlement to judgment as a matter of law on the second cause of action.

The parties' remaining contentions are without merit. Adams, J.P., S. Miller, Ritter and Lifson, JJ., concur.