■ In the Matter of DAVID S. STEINBERG, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, Respondent. [941 NYS2d 300]—

Kavanagh, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for performance of duty disability retirement benefits.

In July 2007, petitioner, a former correction officer with the Westchester County Department of Corrections, filed an application for performance of duty disability retirement benefits, claiming that he was permanently disabled as a result of lower back injuries sustained during a November 2006 altercation with a prison inmate. Although the New York State and Local Retirement System found that petitioner was permanently incapacitated from the performance of his duties, it nonetheless denied his application upon the ground that his disability was not the natural and proximate result of an incident sustained in service. Consequently, petitioner sought a hearing and redetermination, following which a Hearing Officer again denied his application. Respondent, adding only a supplemental conclusion of law, adopted the Hearing Officer's findings, and petitioner subsequently commenced this CPLR article 78 proceeding.

We confirm. "In order to be entitled to performance of duty disability retirement benefits, petitioner bore the burden of demonstrating that he was incapacitated from the performance

of duty as the natural and proximate result of [a] . . . disability sustained in service" (*Matter of Monachelli v DiNapoli*, 84 AD3d 1687, 1688 [2011], *lv denied* 18 NY3d 802 [2011] [internal quotation marks and citations omitted]). While, among other things, the medical report from one of petitioner's physicians indicated that petitioner's permanent disability stemmed largely from the November 2006 incident, respondent relied upon the contrary conclusions contained in the reports from John Mazella, the board-certified orthopedic surgeon who examined petitioner on behalf of the Retirement System. Specifically, Mazella, noting petitioner's lengthy history of chronic low back pain and injuries prior to the November 2006 incident, concluded that the disabling condition was caused by the cumulative effect of those injuries. Since proof in the record showed that petitioner performed the same restricted full-time duties both before and after the November 2006 incident up until his retirement in January 2008, Mazella opined that the November 2006 incident resulted only in a temporary exacerbation of his prior injuries and was not the cause of the permanent disablement.

Notably, "the Comptroller has the authority to resolve conflicts in medical opinion and . . . credit the testimony of one expert over that of another" (*Matter of Harko v New York State Comptroller*, 46 AD3d 1185, 1187 [2007] [internal quotation marks and citation omitted]). Inasmuch as the record contains substantial evidence supporting respondent's determination on the issue of causation, we find no basis to disturb it regardless of the existence of proof that might support a different result (*see Matter of McAuliffe v DiNapoli*, 83 AD3d 1366, 1366 [2011]; *Matter of Feeney v DiNapoli*, 68 AD3d 1425, 1426 [2009]).

Given this conclusion, it is unnecessary to address the challenge to respondent's additional finding that petitioner's disability did not arise out of the performance of his job duties because his restricted duties barred the type of hands-on contact with inmates that he claimed resulted in a disabling injury herein.

Peters, J.P., Rose, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.