OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is reversed, with $30 costs, the petition to vacate the master arbitrator’s award is denied and so much of the cross petition as sought to confirm the master arbitrator’s award is granted.
After the provider’s claim for assigned first-party no-fault benefits had been denied by the insurer due to the assignor’s failure to appear at duly scheduled independent medical examinations (IMEs), the provider submitted the claim to arbitration, pursuant to Insurance Law § 5106 (b). The IME scheduling letters that had been sent to the assignor stated that he would be reimbursed for any proven loss of earnings and reasonable transportation expenses incurred in complying with the IME request* The arbitrator determined that the IME scheduling letters were defective because they called for “proven” loss of earnings and did not track the language of the regulation, and found that, as a result, proper notice was not effectuated. The arbitrator awarded the provider the principal sum of $520.20. The insurer appealed the adverse decision to a master arbitrator, who vacated the arbitrator’s award in favor of the provider, upon a determination that the award “was not supported by sufficient evidence and was irrational, arbitrary and capricious and incorrect as a matter of law,” thereby, in effect, finding for the insurer.
*33 The provider then commenced this proceeding to vacate the master arbitrator’s award, contending that the master arbitrator had exceeded his power, within the meaning of CPLR 7511 (b) (1) (iii), because he had performed an independent review of the evidence, assessed its credibility and made his own factual determinations. The insurer, by cross petition, sought to confirm the master arbitrator’s award. By order dated April 22, 2015, from which the insurer appeals, the District Court granted the provider’s petition and denied so much of the insurer’s cross petition as sought to confirm the master arbitrator’s award, finding that the master arbitrator had exceeded his authority by reviewing factual issues which had already been decided by the arbitrator and had impermissibly substituted his own factual determination for that of the arbitrator. We reverse.
Judicial review of a master arbitrator’s authority to vacate an award under Insurance Law § 5106 derives from CPLR 7511 (b) (1) (iii) and involves the question of whether the master arbitrator has exceeded his or her power (see Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207, 210 [1981]; see also Matter of Smith [Firemen’s Ins. Co.], 55 NY2d 224, 231 [1982]). A master arbitrator is empowered to vacate an arbitration award based upon most grounds set forth in CPLR 7511 (see Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d at 210; see also 11 NYCRR 65-4.10 [a] [1]) or based upon the ground that the arbitration award “was incorrect as a matter of law (procedural or factual errors committed in the arbitration below are not encompassed within this ground)” (11 NYCRR 65-4.10 [a] [4]; see Matter of Smith [Firemen’s Ins. Co.], 55 NY2d at 231; Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d at 211). The power of a master arbitrator to review factual and procedural issues (unlike substantive law issues) is limited to “whether the arbitrator acted in a manner that was arbitrary and capricious, irrational or without a plausible basis” (Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d at 211). A master arbitrator “exceeds his statutory power by making his own factual determination, by reviewing factual and procedural errors committed during the course of the arbitration, by weighing the evidence, or by resolving issues such as the credibility of the witnesses” (Matter of Allstate Ins. Co. v Keegan, 201 AD2d 724, 725 [1994]; see also Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207 [1981]). If, however, the master arbitrator vacates the arbitrator’s award based upon an alleged error of a rule of *34 substantive law, the determination of the master arbitrator must be upheld unless it is irrational (see Matter of Smith [Firemen’s Ins. Co.], 55 NY2d at 232; Matter of Liberty Mut. Ins. Co. v Spine Americare Med., 294 AD2d 574, 576 [2002]).
Contrary to the provider’s contention, we find that the master arbitrator did not exceed the scope of his authority, as he did not weigh or independently evaluate issues of credibility or engage in any factual analysis. Rather, his legal analysis of the arbitrator’s determination was well within the scope of his authority to review and correct an error of law made by the arbitrator (see Matter of Smith [Firemen’s Ins. Co.], 55 NY2d at 231; Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d at 211). Moreover, “applying the law to a given set of facts is well within the province of a master arbitrator, even if his conclusion differs from that of the arbitrator” (Martinez v Metropolitan Prop. & Liab. Ins. Co., 146 AD2d 610, 611 [1989]). Here, the master arbitrator determined that the use of the word “proven” in the IME scheduling letters did not render such letters ineffective, notwithstanding the fact that the word “proven” does not appear in 11 NYCRR 65-3.5 (e), and that proper notice of the scheduled IMEs was, therefore, effectuated. As the master arbitrator’s determination was not irrational (see Matter of Smith [Firemen’s Ins. Co.], 55 NY2d at 232), the District Court erred in granting the provider’s petition to vacate the master arbitrator’s award and in denying the insurer’s cross petition to confirm the master arbitrator’s award.
Accordingly, the order, insofar as appealed from, is reversed, the petition to vacate the master arbitrator’s award is denied and so much of the cross petition as sought to confirm the master arbitrator’s award is granted.
We incidentally note that a proceeding to confirm or vacate an arbitration award is a special proceeding brought pursuant to CPLR article 4, and must terminate in a judgment rather than an order (see CPLR 411).
Iannacci, J.P., Tolbert and Garguilo, JJ., concur.

 11 NYCRR 65-3.5 (e) provides: “The insurer shall inform the applicant at the time the examination is scheduled that the applicant will be reimbursed for any loss of earnings and reasonable transportation expenses incurred in complying with the request.”