Matter of Global Liberty Ins. Co. v Medco Tech, Inc. (2019 NY Slip Op 02167)





Matter of Global Liberty Ins. Co. v Medco Tech, Inc.


2019 NY Slip Op 02167


Decided on March 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2019

Friedman, J.P., Renwick, Webber, Kahn, Kern, JJ.


8765 260656/15

[*1]In re Global Liberty Insurance Company, Petitioner-Appellant,
v
Medco Tech, Inc. as assignee of Coreen Josiah, Respondent-Respondent.


Law Office of Jason Tenenbaum, P.C., Garden City (Jason Tenenbaum of counsel), for appellant.
Israel, Israel & Purdy, LLP, Great Neck (William M. Purdy of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered August 29, 2016, against petitioner in favor of respondent, and bringing up for review an order, same court and Justice, entered January 12, 2016, which denied petitioner's motion to vacate an arbitral award and remand to the lower arbitrator for a de novo hearing, and granted respondent's motion to confirm the award, unanimously reversed, on the law, without costs, the judgment vacated, petitioner's motion granted, and respondent's motion denied.
Respondent seeks from petitioner no-fault insurance benefits for medical equipment that respondent provided to its assignor, who was involved in a motor vehicle accident. In denying respondent's claim, petitioner relied on a peer review report that concluded, based on a review of the medical records, that the assignor's condition was degenerative in nature and not post-traumatic and therefore that the surgery undergone by the assignor was "not medically necessary in relation to the accident" (emphasis supplied). The arbitral award must be vacated and a de novo hearing held, because, on the record before us, as argued, it would be irrational to conclude that the need for the subject medical equipment was causally related to the accident (see Matter of Smith [Firemen's Ins. Co.], 55 NY2d 224, 232 [1982]; Mount Sinai Hosp. v Triboro Coach, 263 AD2d 11, 18-19 [2d Dept 1999]; Shahid Mian, M.D., P.C. v Interboro Ins. Co., 39 Misc 3d 135[A], 2013 NY Slip Op 50589[U] [App Term, 1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 21, 2019
CLERK