Community Med. Imaging P.C. v American Tr. Ins. Co. (2024 NY Slip Op 50301(U))

[*1]

Community Med. Imaging P.C. v American Tr. Ins. Co.

2024 NY Slip Op 50301(U)

Decided on March 21, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 21, 2024
Supreme Court, Kings County

Community Medical Imaging P.C. a/a/o Derick Mantuano, Petitioner,

against
American Transit Insurance Company, Respondent.

Index No. 500379/2024

Ursulova Law Offices, P.C., Brooklyn, for Petitioner.

Aaron D. Maslow, J.

The following numbered papers were used on this petition:
Submitted by Petitioner
Petition (NYSCEF Doc No. 1)
Notice of Petition (NYSCEF Doc No. 2)
Exhibit A — Petitioner's Arbitration Submission (NYSCEF Doc No. 3)
Exhibit B — Respondent's Arbitration Submission (NYSCEF Doc No. 4)
Exhibit C — Arbitration Award (NYSCEF Doc No. 5)
Exhibit D — Master Arbitration Award (NYSCEF Doc No. 6)
Affirmation of Naomi Cohen, Esq. in Support ("Cohn Aff") (NYSCEF Doc No. 7)
Exhibit E — Proof of Mailing (NYSCEF Doc No. 8)
Request for Judicial Intervention (NYSCEF Doc No. 9)
Affidavit of Service (NYSCEF Doc No. 10)
Filed by Court
Interim Order (NYSCEF Doc No. 11)
 Question Presented
Should a No-Fault insurance arbitration determination be vacated where the hearing arbitrator found that the respective bill was mailed past the 45-day deadline for submitting proof of claim based on the lack of an affidavit describing mailing procedures or confirming the actual mailing of the bill, and Petitioner's sole evidence on the issue was a USPS certificate of mailing found to contain an illegible postmark?

Background
Petitioner Community Medical Imaging P.C. ("Petitioner") commenced this CPLR Article 75 proceeding by notice of petition, seeking an order and judgment vacating a No-Fault insurance master arbitration award of Alana Barran, Esq. (dated October 24, 2023), which affirmed the arbitration award of Stacey Charkey, Esq. (dated July 25, 2023) denying Petitioner's claim against Respondent American Transit Insurance Company ("Respondent") for No-Fault insurance compensation in the amount of $1,728.98 for performing cervical and lumbar MRIs.[FN1]
The services at issue were provided to Derick Mantuano, who claimed to have been injured in a motor vehicle accident on September 29, 2021. He assigned his No-Fault insurance benefits to [*2]Petitioner.[FN2]
(See generally NYSCEF Doc No. 1, Petition.)
Respondent did not submit any papers in opposition. This special proceeding was scheduled on the Court's March 21, 2024 calendar. On March 19, 2024, the Court issued an interim declaring that the special proceeding would be determined on the submissions pursuant to 22 NYCRR 202.8-f and IAS Part 2 Rules, Part I (Motions & Special Proceedings), Subpart C (Appearances), Section 6 (Personal Appearances) ("All motions presumptively are to be argued in person unless the Court informs the parties at least two days in advance that it has made a sua sponte determination that a motion will be determined on submission.)."
This Court has considered the petition on the papers submitted (see Buckley v Zoning Bd. of Appeals of City of Geneva, 189 AD3d 2080, 2081 [4th Dept 2020]; Matter of Dandomar Co., LLC v Town of Pleasant Val. Town Bd., 86 AD3d 83 [2d Dept 2011]; Matter of Javarone, 76 Misc 2d 20, 21 [County Ct, Fulton County 1973] [special proceeding may be summarily determined by the court solely on the pleadings and other papers submitted], affd 49 AD2d 788 [3d Dept 1975]). A court should review an Article 75 petition to vacate an arbitration award even in the absence of opposing papers (see American Tr. Ins. Co. v NextStep Healing, Inc., 79 Misc 3d 1203[A], 2023 NY Slip Op 50521[U] [Sup Ct, Kings County 2023]).
The underlying arbitration which is the subject of this proceeding was organized by the American Arbitration Association ("AAA"), which assigned Case No. 17-22-1246-9231 to it. When master arbitration was commenced, Case No. 99-22-1246-9231 was then assigned. The AAA has been designated by the New York State Department of Financial Services to coordinate the mandatory arbitration provisions of Insurance Law § 5106 (b):
Every insurer shall provide a claimant with the option of submitting any dispute involving the insurer's liability to pay first party ["No-Fault insurance"] benefits, or additional first party benefits, the amount thereof or any other matter which may arise pursuant to subsection (a) of this section to arbitration pursuant to simplified procedures to be promulgated or approved by the superintendent.
Insurance Law Article 51 provides for the payment of basic economic loss incurred by persons injured in motor vehicle accidents. Included within basic economic loss are first-party benefits for medical and other professional health services.[FN3]
First-party benefits are more [*3]commonly known as "No-Fault benefits"[FN4]
or "personal injury protection (PIP) benefits"[FN5]
.
In furtherance of the statutory scheme, a comprehensive set of No-Fault Regulations was promulgated by the Superintendent of Insurance (presently Superintendent of Financial Services). They are contained at 11 NYCRR Part 65. Said part is subdivided into five subparts which encompass the following topics: prescribed policy endorsements (11 NYCRR Subpart 65-1), rights and liabilities of self-insurers (11 NYCRR Subpart 65-2), claims for personal injury protection benefits (11 NYCRR Subpart 65-3), arbitration (11 NYCRR Subpart 65-4), and unauthorized providers of health services (11 NYCRR Subpart 65-5). Part 65 is also known as Insurance Regulation 68.
Generally, the claims process for health service bills [FN6]
for No-Fault insurance compensation begins with the submission by a health service provider of a claim form (usually, but not always, a Form NF-3 verification of treatment by attending physician or other provider of health service).[FN7]
Besides providing information regarding the injured person, the accident, the subject insurance policy, the billing health service provider, diagnoses, and projected treatment, the claim form includes a bill for services performed. The claim form can be submitted directly by the injured person to the No-Fault insurer but over many decades a practice developed whereby the health service providers submit the claim forms. As noted in footnote 1, supra at 2, they possess standing to do so by virtue of having received signed assignments of benefits from [*4]the injured persons.[FN8]
,[FN9]
The insurer must then either pay or deny the bill within 30 days, or seek additional verification within 15 business days. If it denies payment, it must issue a Form NF-10 denial of claim [FN10]
explaining why the bill was not paid. (See Insurance Law § 5106 [a]; Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 505 [2015].)
The record evidence submitted in this Article 75 proceeding revealed that the underlying arbitration involved one claim form covering services on December 13, 2021, as per the Form AR1 Arbitration Request Form (see NYSCEF Doc No. 3, Petitioner's Arbitration Submission at 6 [FN11]
). The following chart provides pertinent information concerning the bill and how Respondent dealt with it:

Dates of Service
 

Amount

Respondent's Actions

12/13/21

$1,728.98

Denial of claim asserted untimely proof of claim ("45-day rule"); fees not in accordance with fee schedule (see NYSCEF Doc No. 4, Respondent's Arbitration Submission at 7-9.).

Hearing Arbitrator's Award
The record evidence reveals further that on June 28, 2023, Arbitrator Stacey Charkey, Esq. ("hearing arbitrator"), conducted a hearing at which Nadezhda Ursulova., Esq., from Ursulova Law Offices P.C., appeared for Petitioner, and Jeffrey Siegel, Esq. appeared for Respondent (see NYSCEF Doc No. 5, Arbitration Award at numbered p 1).
The American Arbitration Association maintains an online platform for documents filed by parties to No-Fault insurance arbitrations. It is called Modria [FN12]
. The submissions for the [*5]arbitration at issue are contained in NYSCEF Doc Nos. 3 and 4 submitted by Petitioner.
With respect to the defense of fees not being in accordance with fee schedule, apparently the defense was not pursued by Respondent during arbitration and the only issue was Respondent's invocation of the 45-day rule. Addressing that issue, the hearing arbitrator wrote in her award that 11 NYCRR 65-1.1 (d) (Conditions) requires proof of claim of health service expenses shall be submitted to the insurer as soon as reasonably practicable but no later than 45 days after the date that services are rendered. She continued:
Based upon my review of the submitted documentation, I find that the applicant has failed to show actual mailing of a properly addressed bill sufficient to create a presumption of receipt of the bills by the respondent. No proof of mailing has been supplied.
There is no question but that where a claimant has failed to submit its claim within 45 days after the rendition of medical services, the claim must be denied. St. Vincent's Hosp. & Medical Center v. County Wide Insurance Co., 24 AD3d 748, 809 N.Y.S.2d 88 (2d Dept. 2005). An insurer does not even have to show that it was prejudiced by the submission of an untimely claim. Bronx Expert Radiology, P.C. v. Great Northern Ins. Co., 24 Misc 3d 134(A), 2009 NY Slip Op. 51474(U), 2009 WL (App. Term 1st Dept. July 13, 2009).
The services were provided on 12/13/2021. The submitted bill is dated 1/13/2022. The bill was acknowledged to have been received by respondent on 2/22/2022. It is Applicant's burden to demonstrate timely submission of its bills. Applicant submits a USPS Certificate to demonstrate mailing of the bill. Applicant does not submit an affidavit with respect to mailing procedures generally or the actual mailing of this bill from someone with personal knowledge. Inasmuch as the postage cancellation is illegible, (I can discern a "9" and year, "2022", but no month or full day) it is impossible to determine when the bill was actual received by the Post Office. The postage meter only demonstrates when the postage was purchased (1/19/2022) -not when the item was received by the Post Office. Indeed, the item could have been mailed on 1/19/2022, 2/9/22, or even 2/19/2022.
Therefore, it is my finding of fact that the subject bills were mailed more than 45 days after the dates of service and Respondents denial of claim forms embodying the defense of the 45-day rule is sustained. Applicants claim for reimbursement is, therefore, denied in its entirety as being untimely submitted

 (Id. at numbered pp 2-3 [emphasis added].)
 
 Master Arbitrator's Award

Its claim having been denied by the hearing arbitrator, Petitioner filed for master [*6]arbitration to appeal. Master Arbitrator Alana Barran ("master arbitrator") affirmed the hearing arbitrator's award. After setting forth a summary of the law concerning master arbitration review, the master arbitrator addressed the points asserted on appeal:
Applicant/Appellant states in its brief that the Respondent/Appellee denied the claim based on the 45-day rule, that the bill was timely mailed on 1/19/2022 or less than 45 days after the date of service, that the NFA is factually and legally incorrect in finding that the proof of mailing was insufficient as "the postage meter stamp, dated 1/19/2022, shows the date this mail was received by the post office. This is not a Pitney Bowes postage stamp. It states on its face that it is a 'United States Postal Service' postage stamp. Therefore, January 19th the date that the envelop[e] was entered into the custody and control of the United States Postal Service. The lower arbitrator's award is arbitrary, capricious, and incorrect as a matter of law. Accordingly, the decision of the lower arbitrator must be vacated...Community produced actual proof of mailing from the United States Postal Service. The carrier failed to submit a copy of the bill date-stamped when received...[The NFA] failed to review and weigh the evidence and failed to note that the postage stamp is marked United States Postal Service and reflects the date mailed."
The Respondent/Appellee's brief states that "In support of its contention that the claim was timely mailed, the plaintiff attached a bill and a self-generated facsimile of a USPS Form 3877 that lacks a legible USPS stamp...American Transit argued that it first received the claim on 02/22/22 and that the claim was properly denied on the grounds that the claim was submitted untimely...In her award dated 07/25/23, [the NFA] denied the claim finding the Applicant's evidence to be insufficient...Here, the Applicant is either seeking a usurpation of [the NFA's] conclusions regarding the credibility of the evidence or a de novo review of the evidence underlying this dispute...Accordingly, the award appealed from should be affirmed."
(NYSCEF Doc No. 6, Master Arbitration Award at numbered pp 2-3.)
Considering that her determination in this case implicated an issue of fact resolved by the hearing arbitrator, the master arbitrator then reasoned the following:
The arbitrator is free to choose between the experts' testimony and evaluate the evidence. See Bilotta v. Chevrolet-Tonawanda Division GMC, 81 AD2nd 718 (3d Dept. 1981).
Additionally, the fact that a different conclusion could have been reasonably reached is not sufficient ground to set aside the determination. See Matter of Steinberg v DiNapoli, 93 AD3d 1068, 1069, 941 NYS2d 300 [2012]; Matter of Holmstrand v Board of Regents of Univ. of State of NY, 71 AD2d 725, 726, 419 NYS2d 223 [1979]); Matter of Cohn Chemung Props., Inc. v Town of Southport, 108 AD3d 928, 929 [3rd Dept. 2013]).
Again, 11 N.Y.C.R.R. § 65-4.5 (o) (1) provides, in part, as follows:
"(o) Evidence. (1) The arbitrator shall be the judge of the relevance and materiality of the evidence offered, and strict conformity to legal rules of evidence shall not be necessary. The arbitrator may question any witness or party and independently raise any issue that the arbitrator deems relevant to making an award that is consistent with the Insurance [*7]Law and department regulations".
(Id. at numbered p 3.)
The master arbitrator held that the hearing arbitrator provided a rational basis for her factual finding that Petitioner's evidence was insufficient to establish timely submission of the bill. She concluded:
The NFA's factual finding here related to the Applicant/Appellant's proof of mailing of the claim is not disturbed. Upon a reading of the record, I am satisfied that there was sufficient evidence relied upon by the NFA and based on which the NFA rationally found in favor of Respondent/Appellee.
I find that the NFA's determination definite and final, and that the NFA's decision was not irrational, arbitrary, capricious or incorrect as a matter of law.
(Id. at numbered p 4.)

Petition to Vacate & Petitioner's Arguments
Although brief, the petition to vacate filed by Petitioner disputes the arbitration determination that it failed to submit proof of claim within the 45-day deadline. The master arbitrator's award was asserted to be "arbitrary, capricious, irrational, and in violation of No-Fault law" (NYSCEF Doc No. 1, Petition ¶ 16.)
In further explication of its petition to vacate the arbitration determination, Petitioner submitted an attorney affirmation of Naomi Cohn, Esq. She argued that the hearing arbitrator's analysis of the proffered USPS certificate of mailing was irrational and wrong. In particular, counsel took issue with the hearing arbitrator's finding that the postmark date was not completely legible. While the hearing arbitrator could make out a 9 and the year 2022, she could not discern a month or complete date. Counsel argued that "The proof of mailing is not illegible. It clearly shows [in the attached Exhibit E (NYSCEF Doc No. 8)] that the bill was timely mailed on January 19, 2022" (NYSCEF Doc No. 7, Cohn Aff ¶ 8). Instead of finding the hearing arbitrator's determination irrational in accordance with Matter of Petrofsky (Allstate Ins. Co.) (54 NY2d 207 [1981]), the master arbitrator "rubber-stamped" it (id. ¶¶ 9-10). Counsel cited to case law regarding the presumption of receipt of mail and mere denials of receipt being insufficient (see id. ¶¶ 11-12), and maintained that Petitioner's evidence (the legible USPS certificate of mailing) "shows clearly that the bill was timely mailed on January 19, 2022" (id. ¶ 13). There being insufficient evidence from Respondent to rebut that from Petitioner on the mailing of the bill, "the award [was] incorrect as a matter of law" (id. ¶ 14).

No-Fault Insurance Arbitration
When the No-Fault Law was first enacted by the Legislature in Chapter 13 of the Laws of 1973 to take effect February 1, 1974, § 675 of the Insurance Law was added. In subdivision 2 thereof, insurers were required to provide claimants with an arbitration option for disputes involving liability for first-party benefits. This provision was amended in Chapter 892 of the [*8]Laws of 1977, when several changes were made to the 1973 version.[FN13]
The provision regarding arbitration in § 675 was amended to add the following language:
An award by an arbitrator may be vacated or modified by a master arbitrator in accordance with simplified procedures to be promulgated or approved by the superintendent [of insurance]. The grounds for vacating or modifying an arbitrator's decision by a master arbitrator shall not be limited to those grounds for review set forth in article seventy-five of the civil practice law and rules. The decision of a master arbitrator shall be binding except for the grounds for review set forth in article seventy-five of the civil practice law and rules, and provided further that where the amount of such master arbitrator's award is five thousand dollars or greater, exclusive of interest and attorney's fees, the insurer or the claimant may institute an action in a court of competent jurisdiction to adjudicate the dispute de novo.[FN14]
The provisions regarding No-Fault insurance arbitration remained in the recodification of the Insurance Law enacted in Chapters 367 and 805 of the Laws of 1984. The arbitration provisions were set forth in § 5106, and subdivisions (b) and (c) now read as follows:
(b) Every insurer shall provide a claimant with the option of submitting any dispute involving the insurer's liability to pay first party benefits, or additional first party benefits, the amount thereof or any other matter which may arise pursuant to subsection (a) of this section to arbitration pursuant to simplified procedures to be promulgated or approved by the superintendent. Such simplified procedures shall include an expedited eligibility hearing option, when required, to designate the insurer for first party benefits pursuant to subsection (d) of this section. The expedited eligibility hearing option shall be a forum for eligibility disputes only, and shall not include the submission of any particular bill, payment or claim for any specific benefit for adjudication, nor shall it consider any other defense to payment.
(c) An award by an arbitrator shall be binding except where vacated or modified by a [*9]master arbitrator in accordance with simplified procedures to be promulgated or approved by the superintendent. The grounds for vacating or modifying an arbitrator's award by a master arbitrator shall not be limited to those grounds for review set forth in article seventy-five of the civil practice law and rules. The award of a master arbitrator shall be binding except for the grounds for review set forth in article seventy-five of the civil practice law and rules, and provided further that where the amount of such master arbitrator's award is five thousand dollars or greater, exclusive of interest and attorney's fees, the insurer or the claimant may institute a court action to adjudicate the dispute de novo.
Insofar as is here relevant, the No-Fault Insurance Regulations promulgated by the Superintendent of Insurance provided that a master arbitrator may vacate or modify a hearing arbitrator's award where it "was incorrect as a matter of law (procedural or factual errors committed in the arbitration below are not encompassed within this ground)" (11 NYCRR 65.18 [a] [4]). This regulatory language was carried over into the revised Regulations promulgated in 2002, in 11 NYCRR 65-4.10 (a) (4).[FN15]
A master arbitrator may also vacate or modify a hearing arbitrator's award under certain other grounds also (see 11 NYCRR 65-4.10 [a]).[FN16]

Discussion
(A) Standard of Review
The proper standard of review by a No-Fault insurance master arbitrator is whether the hearing arbitrator's determination was arbitrary and capricious, irrational, or without a plausible basis, or incorrect as a matter of law; the master arbitrator may not engage in an extensive factual review, which includes weighing the evidence, assessing the credibility of various medical reports, or making independent findings of fact (Matter of Petrofsky [Allstate Ins. Co.]), 54 NY2d 207 [1981]).
The standard for Article 75 court scrutiny of a master arbitrator's review of a hearing arbitrator's award in terms of whether there was an error of law is whether it was so irrational as to require vacatur (see Matter of Smith (Firemen's Ins. Co.), 55 NY2d 224, 232 [1982]; Matter of Acuhealth Acupuncture, PC v Country-Wide Ins. Co., 170 AD3d 1168 [2d Dept 2019]; Matter of Acuhealth Acupuncture, P.C. v New York City Transit Authority, 167 AD3d 869 [2d Dept 2018]; Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 149 AD3d 828 [2d Dept 2017]). The master arbitrator's determination of the law need not be correct, and mere errors of law are insufficient to set aside the master arbitrator's award; on questions of substantive law, the master arbitrator's determination must be upheld if there is a rational basis for his determination; if the master arbitrator's errors on a matter of law are irrational, his award may be set aside (see Matter of Liberty Mut. Ins. Co. v Spine Americare Med., P.C., 294 AD2d 574 [2d Dept 2002]).
Judicial review of a master arbitrator's factual determination in an arbitration appeal is limited to whether the master arbitrator exceeded his or her power, for instance by impermissibly weighing the credibility of a witness, by reviewing the hearing arbitrator's factual determination, or by reviewing medical reports de novo (see Matter of Allstate Ins. Co. v Keegan (201 AD2d 724 [2d Dept 1994].
It is important to again state that arbitration of No-Fault compensation claims is compulsory against insurers (see n 14, supra at 8). A health service provider who possesses standing via an assignment of benefits makes the election of whether to litigate its claim in court or in arbitration, which is binding upon the insurer (see Insurance Law § 5106 [b]). Such compulsory arbitration awards are held to higher level of scrutiny (see Matter of Motor Veh. Acc. Indemn. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214 [1996]; Matter of Smith, 55 NY2d 224; Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207; Mount St. Mary's Hosp. of Niagara Falls v Catherwood, 26 NY2d 493 [1970]; Matter of GEICO Gen. Ins. Co. v Wesco Ins. Co., 211 AD3d 729 [2d Dept 2022]).

(B) 45-Day Rule Issue
As noted above, Petitioner's petition to vacate the master arbitrations award is predicated on the assertion that in affirming the hearing arbitrator there was an irrational error in considering the evidence on the issue of mailing the bill. The Court finds that this implicated a credibility determination, i.e., the hearing arbitrator was called upon to make a factual finding as to whether Petitioner proved timely mailing of its bill to Respondent, the No-Fault insurer, and the master arbitrator had to review that credibility determination.
However, this was not an issue of law, despite counsel's advocacy that the legal issue here is the alleged insufficient evidence from Respondent to rebut that from Petitioner on the mailing of the bill (see supra at 8). The case law cited by Petitioner concerns proving a mailing as an evidentiary matter in court. Among the cases that counsel cited for the proposition that Respondent's mere denial of timely receipt was insufficient were Compas Med., P.C. v Farm Family Cas. Ins, Co. (38 Misc 3d 142[A], 2013 NY Slip Op 50254[U] [App Term, 2d, 11th & 13th Dists 2013]) and Top Choice Med., P.C. v GEICO Gen. Ins. Co. (33 Misc 3d 137[A], 2011 NY Slip Op 52063[U] [App Term, 2d, 11th & 13th Dists 2011]). Counsel also cited to Appellate Division decisions regarding how a presumption of a proper mailing is created: New York & Presbyt. Hosp. v Allstate Ins. Co. (29 AD3d 547 [2d Dept 2006]) and Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co. (25 NY3d 498 [2015][FN17]
). (See NYSCEF Doc No. 7, Cohn Aff ¶¶ 11-12.) None of these discussed evidence in arbitrations.
The rules of evidence do not apply in arbitration and especially in No-Fault insurance arbitration due to the regulation providing, "The arbitrator shall be the judge of the relevance and materiality of the evidence offered, and strict conformity to legal rules of evidence shall not be necessary" (11 NYCRR 65-4.5 [o] [1]), as cited to by the master arbitrator (see NYSCEF Doc No. 6, master arbitration award at numbered p 2).
This Court has previously discussed the issue of factual determinations in No-Fault arbitration. In the context of evidence submitted on an issue of medical necessity, this Court wrote:
In part, this Court's present determination is based on the additional provision in 11 NYCRR 65-4.10 (a) (4) which provides that "procedural or factual errors committed in the arbitration below are not encompassed within this ground." The reference to "factual errors" conveys impliedly that when it comes to assessing evidence for the purpose of fact-finding, an arbitrator has wider latitude and should not be required to comply with settled or established law concerning what specific evidence suffices to refute the opposing party's evidence. This Court also takes into account the general proposition that the admissibility of evidence and the determination of issues of fact are left to the arbitrator's discretion (see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 483 [2006] ["Manifest disregard of the facts is not a permissible ground for vacatur of an award. . . ."]; Central Square Teachers Association v Board of Education of the Central Square Central School District, 52 NY2d 918, 919 [1981] ["The path of analysis, proof and persuasion by which the arbitrator reached this conclusion is beyond judicial scrutiny."]; Matter of Lipson v Herman, 189 AD3d 440, 441 [1st Dept. 2020] ["error of [*10]fact . . . will not result in the vacatur of an arbitrator's award"]; Matter of Bernstein v On-Line Software International, Inc., 232 AD2d 336, 338 [1st Dept. 1996] ["It is well established, however, that arbitrators are not bound by the rules of evidence and may admit or deny exhibits on an equitable basis."]). In light of this case law with respect to the admissibility of evidence and the determination of issues of fact in arbitration, 11 NYCRR 65-4.10 (a) (4)'s "matter of law" should be limited in its breadth.
That "incorrect as a matter of law" (11 NYCRR 65-4.10 [a] [4]) refers to substantive issues — not evidentiary ones — is supported by case law. "If, however, the master arbitrator vacates the arbitrator's award based upon an alleged error of a rule of substantive law, the determination of the master arbitrator must be upheld unless it is irrational [citations omitted]" (Golden Earth Chiropractic & Acupuncture, PLLC v. Global Liberty Ins. Co. of New York, 54 Misc 3d 31, 44 N.Y.S.3d 842 [App. Term, 2d Dept., 2d, 11th & 13th Dists. 2016] [emphasis added]).
(American Tr. Ins. Co. v Right Choice Supply, Inc., 78 Misc 3d 890, 909-910 [Sup Ct, Kings County 2023].) 
The issue of whether Petitioner mailed the bill to Respondent and, if so, when was a factual one. The hearing arbitrator was not bound to follow the case law regarding proving a mailing took place. Her finding was subject to master arbitration review only for whether it was arbitrary and capricious, irrational or without a plausible basis (see Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207). In fact, among the cases cited for her standard of review, the master arbitrator cited to Matter of Petrofsky (see NYSCEF Doc No. 6, master arbitration Award at numbered pp 1-2). Not only that, the master arbitrator cited to the following cases for the standard of review:
A party seeking vacatur bears a "heavy burden" [Scollar v Cece, 28 AD3d 317 (1st Dept. 2006]), and generally, the award under review must be upheld where the arbitrator " 'offer[s] even a barely colorable justification for the outcome reached' (Matter of Andros Cia Maritima, S.A. [Marc Rich & Co., A.G.], 579 F.2d 691, 704 [2d Cir 1978])." See Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479 [2006], cert dsmd 548 US 940 [2006]).
It is within the province of the lower arbitrator to determine what evidence to accept or reject and what inferences should be drawn based on the evidence. See Mott v State Farm, 55 NY2d 224. In Petrofsky v Allstate, 54 NY2d 207, the Court of Appeals held that a master's powers of review do not encompass a de novo review of the matter presented to the lower arbitrator not do they authorize the master arbitrator to determine the weight or credibility of the evidence.
(See NYSCEF Doc No. 6, master arbitration award at numbered p 2.) Therefore, in conducting her review, the master arbitrator applied settled case law governing the No-Fault arbitration appellate process as well as that applying to other types of arbitration.
As for accepting the hearing arbitrator's factual finding that Petitioner did not prove a timely mailing of the bill, the master arbitrator was correct that the finding was neither arbitrary and capricious, irrational or without a plausible basis. It was within the discretion of the hearing arbitrator to reject the proffered USPS certificate of mailing and to require an affidavit of [*11]mailing with respect to mailing procedures generally or concerning the mailing of the particular bill. If the hearing arbitrator was not certain of the date printed on the USPS certificate of mailing postmark or was of the opinion that evidence beyond a USPS certificate of mailing needed to be presented to firmly establish when a claim form was mailed, it was within her discretion to rule as such. It was not within the master arbitrator's province to perform an independent de novo review of the evidence or assess the credibility of documents (see Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207).
As an Article 75 court, this Court finds that the master arbitrator correctly affirmed the factual findings as to the bill's mailing. Whether and when a bill was mailed entails a factual determination, the hearing arbitrator assessed the facts in a manner in which she applied her discretion, and the master arbitrator conducted a proper appellate review. The master arbitration review was not irrational in reviewing the hearing arbitrator's factual determination. To the extent that the master arbitrator relied on case law governing a factual review, her analysis was not erroneous as a matter of law (see Matter of Smith, 55 NY2d 224, 232; Matter of Acuhealth Acupuncture, PC, 170 AD3d 1168; Matter of Acuhealth Acupuncture, P.C., 167 AD3d 869; Matter of Acuhealth Acupuncture, P.C., 149 AD3d 828).
CPLR 7511 (b) provides:
Grounds for vacating.
1. The award shall be vacated on the application of a party who either participated in the arbitration or was served with a notice of intention to arbitrate if the court finds that the rights of that party were prejudiced by:
(i) corruption, fraud or misconduct in procuring the award; or
(ii) partiality of an arbitrator appointed as a neutral, except where the award was by confession; or
(iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made; or
(iv) failure to follow the procedure of this article, unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection.
This Court finds no corruption, fraud or misconduct in procuring the arbitration awards. Nothing submitted by Petitioner herein contains even a hint of arbitrator partiality. A final and definite award was made by each arbitrator. Finally, there is no showing of a failure to follow Article 75's procedure.
"[U]pon the denial of a motion to vacate or modify, [the Court] shall confirm the award" (CPLR 7511 [e]).

Conclusion
The question posed at the outset of this decision, "Should a No-Fault insurance arbitration determination be vacated where the hearing arbitrator found that the respective bill was mailed past the 45-day deadline for submitting proof of claim based on the lack of an affidavit describing mailing procedures or confirming the actual mailing of the bill, and Petitioner's sole evidence on the issue was a USPS certificate of mailing found to contain an [*12]illegible postmark?" is answered by this Court in the negative. In assessing evidence for the purpose of making a finding regarding a mailing, a No-Fault insurance arbitrator may insist on an affidavit relating general mailing procedures or confirming the specific mailing at issue where the proffered documentary evidence is found inconclusive or unpersuasive or there is a functional equivalent of no documentary evidence.[FN18]

Since none of CPLR 7511 (b)'s grounds for vacating an arbitration award were established, and the law governing the No-Fault insurance arbitration process was complied with, it is hereby ORDERED, ADJUDGED, and DECREED that (1) the within petition to vacate the master arbitration award of Alana Barran, Esq., dated October 24, 2023, in AAA Case No. 99-22-1246-9231, which affirmed the hearing arbitration award of Stacey Charkey, Esq., dated July 25, 2023, in AAA Case No. 17-22-1246-9231, is hereby DENIED, (2) this special proceeding is dismissed, and (3) said master arbitration award is CONFIRMED in its entirety.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:The notice of petition seeks an order "1) vacating a master arbitrator's award pursuant to CPLR 7511; and 2) vacating the lower arbitration award" (NYSCEF Doc No. 2, Notice of Petition), but it must be deemed to seek vacatur of just the master arbitration award inasmuch as the latter is the final determination of the arbitration process. The No-Fault Regulations provide that "court review pursuant to an article 75 proceeding" is from the "decision of a master arbitrator" (11 NYCRR 65-4.10 [h] [1] [i]; see also Insurance Law § 5106 [c]). In fact, a party may not appeal from a hearing arbitration award (see Matter of Staten Is. Hosp. v USAA, 103 AD2d 744 [2d Dept 1984]; Matter of Griffith v Home Indem. Co., 84 AD2d 332 [1st Dept 1982]; Matter of Lampasona v Prudential Prop. & Cas. Ins. Co., 111 Misc 2d 623 [Sup Ct, Kings County 1981]). "[T]he Legislature intended the provision of CPLR article 75 to apply only to the review of the awards of master arbitrators (see, Insurance Law § 5106[c])" (Matter of Custen v General Acc. Fire and Life Ins. Co., 126 AD2d 256 [2d Dept 1987]). It follows that if the hearing arbitrator's award is imperfect, this can affect judicial review of a master arbitration award affirming it.

Footnote 2:Health service providers obtain standing to pursue No-Fault insurance compensation in arbitration by virtue of having received an assignment of benefits from the respective person claiming to have been injured in a covered motor vehicle accident; such person is often denoted as an "assignor."

Footnote 3:This statutory scheme was developed by New York's legislature in 1973, as part of a tradeoff whereby lawsuits for pain and suffering resulting from personal injuries in motor vehicle accidents were limited to instances of serious injury (see generally Insurance Law art 51; L 1973, ch 13, as amended L 1977, ch 892; John R. Dunne, New York's No-Fault Automobile Insurance Law A Glimpse of the Past and a Glance at the Future, 50 NY St BJ 284 [June 1978]; J. Benedict, New York Adopts No-Fault: A Summary and Analysis, 37 Albany L Rev 662 [1973]).

Footnote 4:Although Insurance Law Article 51 does not mention the term "No-Fault," shortly after the post-motor vehicle accident economic loss compensation system was enacted in 1973, the appellation "No-Fault" was adopted in common parlance to describe it.

Footnote 5:The term "personal injury protection benefits" is a creature of the No-Fault Regulations (see 11 NYCRR Subpart 65-3) and does not appear in the statute.

Footnote 6:This Court uses the term "health service bills" instead of "medical bills" because the No-Fault Law provides for reimbursement of "(i) medical, hospital . . . , surgical, nursing, dental, ambulance, x-ray, prescription drug and prosthetic services; (ii) psychiatric, physical therapy . . . and occupational therapy and rehabilitation . . . and (iv) any other professional heath services" (Insurance Law § 5102 [b] [1]). Hence, the No-Fault insurance system encompasses not just "medical" services. In the instant case, the services at issue were chiropractic office visits and treatment.

Footnote 7:The prescribed claim forms are included within 11 NYCRR Part 65 (Regulation 68) Appendix 13. Besides Form NF-3 (verification of treatment by attending physician or other provider of health service), Appendix 13 contains Form NF-4 (verification of hospital treatment) and Form NF-5 (hospital facility form). Not every No-Fault insurance provider uses the prescribed forms; some utilize a HICF (Health Insurance Claim Form) or a UB-04 form more commonly used for inpatient and outpatient claims billed by hospitals, healthcare facilities, and surgical facilities.

Footnote 8:There is a prescribed assignment of benefits form (Form NF-AOB) in 11 NYCRR Part 65 (Regulation 68) Appendix 13.

Footnote 9:The process of submitting a No-Fault claim to the insurer is governed by 11 NYCRR Subpart 65-3, which contains §§ 65-3.1 et seq.

Footnote 10:Form NF-10 is also included within 11 NYCRR Part 65 (Regulation 68) Appendix 13.

Footnote 11:References to page numbers in NYSCEF filings lacking specified page numbers are to the PDF page numbers.

Footnote 12:This is the AAA's electronic case management and filing platform maintained on the Internet; it is known as "Modria," which was the name of the company which developed it for the AAA (see Liveblogging #ODR2014: The Developing Field of Online Dispute Resolution, 
https://civic.mit.edu/index.html%3Fp=1452.html
[last accessed Mar. 19, 2023]; Welcome to the Modria Resolution Center for the American Arbitration Association, 
https://aaa-nynf.modria.com/ [last accessed Mar. 19, 2023]).

Footnote 13:Among the more substantial changes in the 1977 legislation were the adoption of fee schedules to limit health service expenses and modifying the threshold categories for suing for noneconomic loss, i.e., pain and suffering.

Footnote 14:Nothing in the Governor's Bill Jacket for Chapter 13 of the Laws of 1977 or other contemporary records comments on the provision adopting master arbitration review of hearing arbitrators' decisions, so it is not known why the master arbitration process was created (see Matter of Bamond v Nationwide Mut. Ins. Co., 75 AD2d 812, 813 [2d Dept 1980], affd 52 NY2d 957 [1981]). This Court speculates that at least one reason was that No-Fault arbitration was compulsory and the Legislature desired to permit a party to an arbitration to seek review of the hearing arbitrator's award on the basis of an assertion of an error of law, which traditionally was not a basis for review in an Article 75 proceeding (see Mott v State Farm Ins. Co., 77 AD2d 488 [3d Dept 1980], revd sub nom. on other grounds Matter of Smith v Firemen's Ins. Co., 55 NY2d 224 [1982]).

Footnote 15:Most non-No-Fault insurance arbitration awards cannot be vacated due to an error of law (see Matter of Sprinzen v Nomberg, 46 NY2d 623, 629-630 [1979]). No-Fault insurance arbitrations are different; an error of law can be the basis for reversal — by a master arbitrator.

Footnote 16:11 NYCRR 65-4.10 (a) provides as follows:
Grounds for review. An award by an arbitrator rendered pursuant to section 5106(b) of the Insurance Law and section 65-4.4 or 65-4.5 of this Subpart may be vacated or modified solely by appeal to a master arbitrator, and only upon one or more of the following grounds:
 
(1) any ground for vacating or modifying an award enumerated in article 75 of the Civil Practice Law and Rules (an article 75 proceeding), except the ground enumerated in CPLR subparagraph 7511(b)(1)(iv) (failure to follow article 75 procedure);

(2) that the award required the insurer to pay amounts in excess of the policy limitations for any element of first-party benefits; provided that, as a condition precedent to review by a master arbitrator, the insurer shall pay all other amounts set forth in the award which will not be the subject of an appeal, as provided for in section 65-4.4 or 65-4.5 of this Subpart;

(3) that the award required the insurer to pay amounts in excess of the policy limitations for any element of additional first-party benefits (when the parties had agreed to arbitrate the dispute under the additional personal injury protection endorsement for an accident which occurred prior to January 1, 1982); provided that, as a condition precedent to review by a master arbitrator, the insurer shall pay all other amounts set forth in the award which will not be the subject of the appeal, as provided for in section 65-4.4 or 65-4.5 of this Subpart;

(4) that an award rendered in an arbitration under section 65-4.4 or 65-4.5 of this Subpart, was incorrect as a matter of law (procedural or factual errors committed in the arbitration below are not encompassed within this ground);

(5) that the attorney's fee awarded by an arbitrator below was not rendered in accordance with the limitations prescribed in section 65-4.6 of this Subpart; provided that, as a condition precedent to review by a master arbitrator, the insurer shall pay all other amounts set forth in the award which will not be the subject of the appeal, as provided for in section 65-4.4 or 65-4.5 of this Subpart.

Footnote 17:Counsel cited to the Appellate Division opinion at 114 AD3d 33 (2d Dept 2013), but it was affirmed by the Court of Appeals, who set forth its own ratio decidendi.

Footnote 18:In so holding, this Court's decision does not conflict with Auto One Ins. Co. v. Hillside Chiropractic, P.C. (126 AD3d 423 [1st Dept 2015]), which held that an arbitrator's decision to adhere, with strict conformity, to the evidentiary rule set forth in CPLR 2106(1) and give no weight to an IME report prepared by a chiropractor because it was not notarized, is arbitrary; such conformity is not required by 11 NYCRR 65-4.5 (o) (1) ("The arbitrator shall be the judge of the relevance and materiality of the evidence offered and strict conformity to legal rules of evidence shall not be necessary."). The hearing arbitrator in the case at bar rejected the proffered USPS certificate of mailing as being inconclusive and then concomitantly in effect found that there was a need for an affidavit. In Auto One Ins. Co., the arbitrator failed to independently assess the affirmation without reference to the statutorily prescribed rule of evidence.