■ In the Matter of METROPOLITAN PROPERTY & LIABILITY, Appellant, v FREDERICK A. MENDELSOHN, as Assignee of MARTIN MASSOLENA, Respondent. [676 NYS2d 606] —In a proceeding pursuant to CPLR 7511 to vacate the award of a master arbitrator, dated April 4, 1997, which vacated an award of an arbitrator dated January 20, 1997, the petitioner appeals from a judgment of the Supreme Court, Nassau County (DiNoto, J.), dated July 8, 1997, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the master arbitrator's award dated April 4, 1997, is vacated, and the arbitrator's award dated January 20, 1997, is reinstated.

The master arbitrator himself acknowledged that the origi-

nal award was "entirely proper" based upon the record before the arbitrator. Nonetheless, the master arbitrator vacated that award and directed a new arbitration, essentially in order to allow the respondent to present evidence that had been inadvertently omitted at the original arbitration. The Supreme Court dismissed the proceeding to vacate the master arbitrator's award (CPLR 7511 [b] [1]). We reverse.

The governing statutes and regulations (*see*, Insurance Law § 5106 [c]; CPLR 7511 [b]; 11 NYCRR 65.18 [a] [1]-[6]) do not authorize a master arbitrator to vacate the award of an arbitrator in order to permit a party to present new evidence. The master arbitrator thus exceeded his enumerated powers, and his award was therefore subject to vacatur (*see*, CPLR 7511 [b] [1] [iii]; *Matter of Petrofsky [Allstate Ins. Co.]*, 54 NY2d 207; *Matter of Richardson v Prudential Prop. & Cas. Ins. Co.*, 230 AD2d 861; *see also*, *Matter of Central Gen. Hosp. v Hanover Ins. Co.*, 49 NY2d 950; *Matter of Instituto De Resseguros Do Brasil v First State Ins. Co.*, 221 AD2d 266). Bracken, J. P., Copertino, McGinity and Luciano, JJ., concur.