| Country-Wide Ins. Co. v ISupply Med. Inc. |
| :---: |
| 2024 NY Slip Op 32515(U) |
| July 22, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 652703/2020 |
| Judge: Anar Rathod Patel |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 45

-----------------------------------------------------------------------X

COUNTRY-WIDE INSURANCE COMPANY

                         Petitioner,

        - v -

ISUPPLY MEDICAL INC,

                       Respondent.

-----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652703/2020 |
| **MOTION DATE** | 06/24/2020 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

**HON. ANAR RATHOD PATEL:**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1–8, 10, 11–13 were read on this motion to/for <u>VACATE – DECISION / ORDER / JUDGMENT / AWARD</u>.

### Relevant Factual and Procedural History

This is a special proceeding, pursuant to CPLR Article 75, commenced by Petitioner Country-Wide Insurance Company ("Petitioner") seeking an order and judgment vacating master arbitration award of Victor J. Hershdorfer (dated March 11, 2020), which affirmed the No-Fault Arbitration Award of Melissa Abraham-LoFurno (dated December 6, 2019) granting Respondent ISupply Medical Inc.'s ("Respondent"), as assignee of Anna Hernandez ("Claimant"), claim for No-Fault insurance compensation for health service expenses.  Following a hearing held on November 6, 2019, Arbitrator Abraham-LoFurno awarded the amount of $2,152.50, plus interest, attorney's fees and additional fees, sought by Respondent for providing services to its assignor, who claimed to have been injured in a motor vehicle accident on December 12, 2017.

Petitioner commenced the present action by filing a Notice of Petition and Petition on June 24, 2020.  NYSCEF Doc. Nos. 1, 2.  This matter was initially assigned to Judge Debra James and was reassigned subsequently to this Court.

### Discussion

The standard of review in Article 75 proceedings depends on the amount awarded by the arbitrator.  Where the amount in contention does not exceed five thousand dollars ($5,000.00), courts grant deference to the findings of the arbitrators.  "In cases of compulsory arbitration, this court has held that CPLR article 75 'includes review . . . of whether the award is supported by evidence or other basis in reason.'  This standard has been interpreted to import into [A]rticle 75

652703/2020   COUNTRY-WIDE INSURANCE COMPANY vs. ISUPPLY MEDICAL INC
Motion No.  001

Page 1 of 5

review of compulsory arbitrations the arbitrary and capricious standard of [A]rticle 78 review." *Matter of Petrofsky (Allstate Ins. Co.)*, 54 N.Y.2d 207, 211 (1981) (quoting *Mount St. Mary's Hosp. of Niagara Falls v. Catherwood*, 26 N.Y.2d 493, 508 (1970)).  Thus, if the amount awarded in arbitration is less than the statutory amount, the judiciary is restricted by the findings of the arbitrators.  Only when review has basis in an enumerated ground in CPLR § 7511, or the court finds that the arbitration award is a result of arbitrary or capricious determinations by the arbitrators, may the court interject.

"Further, 'a court is bound by the arbitrator's factual findings and interpretations of the contract,' and it 'cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one.'  The 'arbitrator's award will not be vacated for errors of law and fact committed by the arbitrator and the courts should not assume the role of overseers to mold the award to conform to their sense of justice.'"  *Metro. Transp. Auth. v. Westfield Fulton Ctr., LLC*, No. 2023–03965, 2024 WL 2853484, at *1 (1st Dept. 2024) (internal citations omitted).

As the amount at issue, $2,152.50, is less than the statutory amount, this Court will review the arbitrator's award under an arbitrary and capricious standard.  This Court will only vacate the award if it was granted as a result of arbitrary and capricious determinations by the arbitrators or if there is basis in an enumerated ground in CPLR § 7511(b).  "[J]udicial review of arbitration awards is extremely limited.  An arbitration award must be upheld when the arbitrator 'offer[s] even a barely colorable justification for the outcome reached.'"  *Wien & Malkin LLP v. Helmsley-Spear, Inc.*, 6 N.Y.3d 471, 479 (2006).

A party seeking to vacate or modify an arbitrator's award must bring an Article 75 proceeding within 90 days of the delivery of the award.  CPLR § 7511(a).  Petitioner initiated this action on June 24, 2020, which is beyond 90 days of receiving the arbitrator's award.  However, the Court accepts the Petition due to Petitioner's reason provided for the delay, which is Administrative Order 78/20 (dated March 22, 2020).  *See* NYSCEF Doc. No. 7 (Pet. Ex. E).

Petitioner initiated this action to vacate the arbitration award pursuant to CPLR § 7511(b)(1)(i), (iii) and (iv).  There is no argument or support in the record to find that the award was procured by "corruption, fraud or misconduct" beyond Petitioner's statement that the action was pursuant to CPLR § 7511(b)(1)(i).  Similarly, there is no argument or support in the record to find that the rights of Petitioner were prejudiced by "failure to follow the procedure of this article." CPLR § 7511(b)(1)(iv).

Petitioner contends that the hearing arbitrator's award "was not rationally based upon the evidence presented below and was arbitrary and capricious." NYSCEF Doc. No. 1 at ¶ 9 (Petition). Petitioner asserts two arguments to support a finding that the hearing arbitrator erred in awarding payment of healthcare services:  (1) In failing to appear for two scheduled Independent Medical Examinations ("IME"), the assignor/claimant failed to satisfy a condition precedent to payment— submitting to the IMEs—such that Petitioner may properly deny Respondent's claim for no-fault benefits pursuant to Insurance Regulation 68.  *See id.* at ¶¶ 25–26.  (2) Due to a declaratory judgement decision against the assignor/claimant, Respondent is collaterally estopped from bringing the instant action.  *See* NYSCEF Doc. 13 at ¶ 14 (Reply).

652703/2020  COUNTRY-WIDE INSURANCE COMPANY vs. ISUPPLY MEDICAL INC                Page 2 of 5
Motion No.  001

2 of 5

*Claimant's Appearance at IMEs*

The hearing arbitrator determined, based on a review of the evidence, that:

> Respondent has also failed to prove that the assignor failed to appear for the IMEs. Respondent fails to provide affidavits/affirmations from the IME doctors, Dr. John Vitolo, Dr. Robert Richman, DC and Alan Handelsman L. Ac, confirming the non-appearance of the Assignor at the scheduled examinations. Based on the aforementioned, Respondent has failed to meet its burden with regard to its IME No-Show defense.

NYSCEF Doc. No. 3 at 3 (No-Fault Arbitration Award). Petitioner argues that it submitted an affidavit of Petitioner's IME clerk, Annie Persaud, ("Persaud Affidavit") that establishes Claimant failed to appear for two IMEs. In relevant part, the Persaud Affidavit states, "I can attest that HERNANDEZ, ANNA Y did not appear for the scheduled IMEs because the claimant's name was not on the claimant sign-in log sheet for 05/24/18 and 06/14/18." NYSCEF Doc. No. 4 at 74 (Petitioner's Conciliation Submission). Petitioner did not submit the underlying sign-in sheets. Contrary to Petitioner's assertion, Ms. Persaud does <u>not</u> have "personal knowledge of the claimant's failure to attend the two properly, scheduled IMEs." *See* NYSCEF Doc. No. 1 at ¶ 29. Rather, Mr. Persaud relies on a review of specific sign-in sheets that were not provided as evidence to the hearing arbitrator. "It is within the province of the lower arbitrator to determine what evidence to accept or reject and what inferences should be drawn based on the evidence." *Community Med. Imaging P.C. v. American Tr. Ins. Co.*, 206 N.Y.S.3d 919 (N.Y. Cty. Sup. Ct. 2024). Accordingly, the factual determinations of Arbitrator Abraham-LoFurno are not actions that exceed the hearing arbitrator's authority.

This Court must defer to factual determinations as made by the hearing arbitrator. Likewise, the master arbitrator is limited to the factual record presented to and determinations made by the hearing arbitrator. A master arbitrator does not have "the power to review, *de novo*, the matter originally presented to the arbitrator. A master arbitrator exceeds his statutory power by making his own factual determination, by reviewing factual and procedural errors committed during the course of arbitration, by weighing the evidence . . . ." *Matter of Allstate Ins. Co. v. Keegan*, 201 A.D.2d 724, 725 (2d Dept. 1994) (internal citations omitted). Further, a "master arbitrator shall only consider those matters which were the subject of the arbitration below or which were included in the arbitration award appealed from." 11 NYCRR § 65-4.10(c)(6). Considering these restraints on the master arbitrator's scope of review, the master arbitrator was correct to rely on the factual determinations of the hearing arbitrator and affirm the No-Fault Arbitration Award in its entirety. *See* NYSCEF Doc. No. 6 at 1–2 (Master Arbitration Award) ("The [Persaud] [A]ffidavit was premised on the lack of [Claimant's] name on sign-in sheets. The sign-in sheets were not part of the record before the arbitrator. The master arbitrator does not have the authority to consider evidence that was not part of the record before the lower arbitrator. *Matter of Metropolitan Property & Liability Ins. Co. v. Mendelsohn*, 251 A.D. 2d 666 (2d Dept. 1998)."). Accordingly, these actions do not support finding that the master arbitrator exceeded his authority.

**652703/2020  COUNTRY-WIDE INSURANCE COMPANY vs. ISUPPLY MEDICAL INC**
**Motion No.  001**

**Page 3 of 5**

3 of 5

*Declaratory Judgment Against Claimant*

Petitioner argues that there is a declaratory judgment decision against Claimant in the Supreme Court of New York County captioned *Country-Wide Insurance Company v. Anna Hernandez, et al.* (Index No. 652603/2018). In said action, the court granted a default judgment as to each of the defendants in relation to the July 10, 2017 loss, Claim No.: 000329367-001. Respondent is not a party to said action, which involves an entirely separate set of events — a separate loss and claim. At issue here is an accident that occurred on December 12, 2017, pursuant to claim number 00033215-01. *See*, *e.g.*, NYSCEF Doc. Nos. 1, 3, 4, 6.

Petitioner asserts an incoherent set of proclamations and/or arguments related to the existence of the declaratory judgment. Petitioner asserts that because Claimant failed to appear in the putatively related case, neither she nor her assignees are entitled to No-Fault benefits; that Respondent (who is not a party in said action), in failing to answer the complaint, has waived any right to arbitration; that there is a permanent stay with respect to the claims stemming from Claimant's date of loss; and that Respondent does not have standing to bring a claim. *See* NYSCEF Doc. Nos. 1, 13.

Petitioner has identified a declaratory judgment that is unrelated to the instant action and Petitioner has not persuaded the Court of its relevance to the issues presented here.

Because none of the grounds for vacating an award, as enumerated in CPLR § 7511(b), are present in the record, and the hearing arbitrator, as affirmed by the master arbitrator, provided at least "a colorable justification for the outcome reached," this Court must deny the petition to vacate the arbitration award. *Wien & Malkin, LLP*, 6 N.Y.3d, 479. Accordingly, the award is "confirmed pursuant to CPLR § 7511(e), which mandates confirmation upon denial of a motion to vacate or modify." *Blumenkopf v. Proskauer Rose LLP*, 95 A.D.3d 647, 648 (1st Dept. 2012).

*Attorney's Fees*

Respondent seeks attorney's fees pursuant to 11 NYCRR 65-4.10(j)(4) for the work performed in connection with the instant proceeding. In support, Respondent submits an Affirmation in Support of Attorney Fees stating, *inter alia*, the qualifications of counsel, David M. Gottlieb, Esq. of Samandarov & Associates, P.C.; counsel's usual hourly billing rate of $400/hour; and a summary of the total amount of time incurred and the nature of the time incurred in connection with this proceeding — 3.5 hours. NYSCEF Doc. No. 14. Counsel provides the Court with sufficient information to determine the reasonableness of the attorney's fees incurred.

The First Department has held that "as a prevailing applicant for payment by petitioner insurer of attorney's fees in an [A]rticle 75 proceeding reviewing an arbitration award, [respondent] is entitled to an additional award of attorney's fees, as fixed by the court." *Country-Wide Ins. Co. v. TC Acupuncture P.C.*, 179 A.D.3d 414, 414–15 (1st Dept. 2020); *see also Matter of Country-Wide Ins. Co. v. Bay Needle Care Acupuncture, P.C.*, 162 A.D.3d 407 (1st Dept. 2018). The Court is permitted to fix an amount for an additional award of attorney's fees pursuant to 11 NYCRR 65-4.10(j)(4). Accordingly, the Court awards Respondent additional attorney's fees in the total amount of $1,400.

Accordingly, it is hereby

**ORDERED** that the Petition to vacate the No-Fault Arbitration Award, as confirmed by the Master Arbitration Award, is denied and the award rendered in favor of Respondent and against Petitioner is confirmed; and it is further

**ORDERED** that Respondent is awarded additional attorney's fees in the amount of fourteen hundred dollars and zero cents ($1,400.00); and it is further

**ORDERED** that the Clerk of the Court shall enter judgment accordingly.

| July 22, 2024 | | | | _A. R. Patel_ | |
|---|---|---|---|---|---|
| **DATE** | | | | **ANAR RATHOD PATEL, A.J.S.C.** | |
| **CHECK ONE:** | X | CASE DISPOSED | | | NON-FINAL DISPOSITION |
| | | GRANTED | X | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 5]