■ In the Matter of the CITY OF YONKERS, Appellant-Respondent, v ANTOINETTE WILLSEA, Respondent-Appellant.—In a proceeding pursuant to CPLR article 75 to vacate a determination of a master arbitrator, dated December 2, 1985, the petitioner appeals from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Nastasi, J.), dated September 15, 1986, as denied its application, and Antoinette Willsea cross-appeals from so much of the same order and judgment as dismissed as academic her cross motion to remit the matter to the master arbitrator, in the event the master arbitrator's determination was vacated, for additional findings and determinations of issues not theretofore decided.

Ordered that the order and judgment is affirmed insofar as appealed from; and it is further,

Ordered that in light of our determination on the appeal, the cross appeal is dismissed as academic; and it is further,

Ordered that the respondent-appellant is awarded one bill of costs.

Judicial review of a master arbitrator's vacatur of an award pursuant to Insurance Law § 5106 derives from CPLR 7511 (b) (1) (iii) and involves the question of whether the master arbitrator exceeded his power *(see, Matter of Smith [Firemen's Ins. Co.],* 55 NY2d 224; *Matter of Petrofsky [Allstate Ins. Co.],* 54 NY2d 207).* In reviewing a compulsory arbitration award pursuant to 11 NYCRR 65.17 (a) (1), the master arbitrator is empowered to vacate the award on any grounds specified in CPLR 7511 or on the basis that the hearing arbitrator acted in a manner which was arbitrary, capricious or without rational basis *(Matter of Petrofsky [Allstate Ins. Co.], supra,* at 211).* In the instant case, the master arbitrator properly vacated the original award because in a highly conclusory fashion, it failed to set forth any basis for the hearing arbitrator's conclusions (CPLR 7511 [b] [1] [iii]; 11 NYCRR 65.16 [c] [7] [xvi]). As the award was barren of any indication as to the nature of the evidence relied upon or the hearing arbitrator's factual findings, a meaningful review of that award by the master arbitrator was impossible *(see, Matter of Petrofsky [Allstate Ins. Co.]. supra,* at 212). Accordingly, the master arbitrator's determination vacating the hearing arbitrator's award and remitting the matter for a de novo arbitration proceeding was not in excess of the master arbitrator's authority. Brown, J. P., Kunzeman, Rubin and Kooper, JJ., concur.