■ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, v JOHN J. SHEEHAN, Respondent.—In a proceeding pursuant to CPLR article 75 to vacate a determination of a master arbitrator, the petitioner appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated January 22, 1990, which denied its application.

Ordered that the order is affirmed, with costs.

Judicial review of a master arbitrator's vacatur of an award pursuant to Insurance Law § 5106 derives from CPLR 7511 (b) (1) (iii). The question to be addressed by the court is whether the master arbitrator exceeded his power (Matter of Smith [Firemen's Ins. Co.], 55 NY2d 224; Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207). Pursuant to 11 NYCRR 65.18 (a) (1), the master arbitrator is empowered to vacate an award of a hearing arbitrator on the basis that the hearing arbitrator acted in a manner which was arbitrary, capricious or without rational basis (Matter of Petrofsky [Allstate Ins. Co.], supra, at 211). According to 11 NYCRR 65.16 (c) (7) (xvi), the hearing arbitrator's award, inter alia, shall "contain the arbitrator's findings and conclusions". In the present case, the hearing arbitrator's award failed to set forth any findings or any basis for his conclusions. Therefore, the master arbitrator could not

perform any meaningful review of that award *(see, Matter of Petrofsky [Allstate Ins. Co.], supra; Matter of City of Yonkers v Willsea,* 141 AD2d 820). Accordingly, the master arbitrator's determination vacating the hearing arbitrator's award and remitting the matter for a de novo arbitration hearing was not in excess of the master arbitrator's authority. Rosenblatt, J. P., O'Brien, Ritter and Copertino, JJ., concur.