◼ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v JAMES KEEGAN, Appellant. [608 NYS2d 300] —In a proceeding pursuant to CPLR article 75 to vacate the award of a master arbitrator, dated June 25, 1991, the appeal is from an order of the Supreme Court, Queens County (Rosenzweig, J.), entered December 2, 1991, which granted the application and reinstated the award of the original arbitrator.

Ordered that the order is affirmed, with costs.

The appellant was injured in an automobile accident on May 12, 1989. The appellant claims that, as a result of the accident, he sustained personal injuries and an economic loss. The appellant received no-fault medical and lost-earnings benefits from Allstate Insurance Company until December 14, 1989, when further benefits were denied. The appellant filed for arbitration challenging the denial of the lost-earnings benefits.

In addition to the documentation submitted by the appellant, the arbitrator requested further documentation with respect to the sale of the appellant's business and his lost-earnings claim. The appellant failed to produce any additional evidence. On April 5, 1991, the arbitrator found that the appellant had failed to prove that he had sustained an economic loss. The arbitrator's decision was based on three factors: (1) the medical testimony offered by the appellant, (2) fact that the appellant had received "a substantial sum of money" in 1989, and (3) the insurance company's "excellent job" in cross-examining the appellant.

The appellant requested a review by a master arbitrator,

who vacated the arbitrator's award and remanded the matter for a de novo hearing before another arbitrator. The master arbitrator decided that there was insufficient evidence, as a matter of law, to support the arbitrator's award. The master arbitrator noted that "[i]f the arbitrator at [the new] hearing does not accept [the appellant's] allegations that the $34,000 was earned in 1989 before the accident and that [the appellant] had no earnings in 1990 and thereafter because of the accident, [the arbitrator] must set forth the reasons for rejecting the allegations, specifying any items in the medical reports, relationship between [the appellant] and his former employer or other evidence he relies on."

The Supreme Court vacated the master arbitrator's award finding that it was beyond the scope of the master arbitrator's authority. We agree.

The scope of judicial review of a master arbitrator's vacatur of an award is limited to, *inter alia,* whether the master arbitrator exceeded his power *(see, Matter of Smith [Firemen's Ins. Co.],* 55 NY2d 224; *Matter of Petrofsky [Allstate Ins. Co.],* 54 NY2d 207; *Matter of City of Yonkers v Willsea,* 141 AD2d 820).

The master arbitrator's role is to review the arbitrator's determination to assure that it was reached in a rational manner and that the decision was not arbitrary and capricious. It does not include the power to review, de novo, the matter originally presented to the arbitrator *(see, Matter of Petrofsky [Allstate Ins. Co.], supra).* A master arbitrator exceeds his statutory power by making his own factual determination, by reviewing factual and procedural errors committed during the course of the arbitration, by weighing the evidence, or by resolving issues such as the credibility of the witnesses *(see, Matter of Smith [Firemen's Ins. Co.], supra).*

Here, the master arbitrator clearly exceeded his powers of review by impermissibly weighing the credibility of the witness, by reviewing the arbitrator's factual determination, and by reviewing the medical reports de novo *(see, Matter of Smith [Firemen's Ins. Co.], supra; Matter of Petrofsky [Allstate Ins. Co.], supra).* Bracken, J. P., O'Brien, Copertino and Hart, JJ., concur.