■ In the Matter of June Richardson, Individually and as Parent and Natural Guardian of Patricia Richardson, an Infant, Appellant, v Prudential Property & Casualty Insurance Company, Respondent. [646 NYS2d 850] —In a proceeding pursuant to CPLR article 75 to vacate the award of a master arbitrator dated September 12, 1994, the appeal is from a judgment of the Supreme Court, Putnam County (Hickman, J.), dated March 22, 1995, which dismissed the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the award of the master arbitrator is vacated, and the award of the original arbitrator dated June 9, 1994, is reinstated and confirmed.

In a no-fault arbitration proceeding, the original arbitrator determined that the respondent insurance company was required to pay the infant petitioner's medical bill pursuant to Insurance Law § 5102 (a) (1) because her need for continued treatment for a head injury was ascertainable within one year after the accident. The award was set aside by a master arbitrator, and the petitioners commenced this proceeding to vacate the master arbitrator's award.

A master arbitrator "exceeds his statutory power by making his own factual determination, by reviewing factual and procedural errors committed during the course of the arbitration, by weighing the evidence, or by resolving issues such as the credibility of the witnesses" (*Matter of Allstate Ins. Co. v Keegan,* 201 AD2d 724, 725; *see also, Matter of Petrofsky [Allstate Ins. Co.],* 54 NY2d 207). Contrary to the determination by the master arbitrator, the record reveals that there was a rational basis for the original arbitrator's decision. We conclude that the master arbitrator exceeded his authority by reviewing *de novo* the medical reports and the original arbitrator's factual determination as to whether the necessity of further medical treatment for the infant petitioner's injury was ascertainable within one year. Accordingly, the petition to vacate the master arbitrator's award is granted, and the original arbitrator's award is reinstated and confirmed. O'Brien, J. P., Goldstein, Florio and McGinity, JJ., concur.