Matter of Fishkin (Allstate Ins. Co.) (2019 NY Slip Op 08060)





Matter of Fishkin (Allstate Ins. Co.)


2019 NY Slip Op 08060


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1009 CA 19-00579

[*1]IN THE MATTER OF ARBITRATION BETWEEN ZAIR FISHKIN, M.D., AS ASSIGNEE OF TROY HODGE, PETITIONER-RESPONDENT, AND ALLSTATE INSURANCE COMPANY, RESPONDENT-APPELLANT. 






LAW OFFICE OF PETER C. MERANI, P.C., NEW YORK CITY (KAREN MCCLOSKEY OF COUNSEL), FOR RESPONDENT-APPELLANT.
THE WRIGHT LAW FIRM, LLC, ROCHESTER (RON F. WRIGHT OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered November 27, 2018 in a proceeding pursuant to CPLR article 75. The order, inter alia, granted the petition to vacate the award of the master arbitrator. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: This case arises from injuries that Troy Hodge sustained when a motor vehicle struck him while he rode a bicycle. Petitioner thereafter performed surgery on Hodge, who assigned his no-fault insurance claims to petitioner. Respondent, Hodge's no-fault insurance carrier, denied petitioner's claims for the cost of the surgery on the ground that the surgery was not medically necessary. Petitioner subsequently submitted the matter for arbitration. An initial arbitrator rendered an award in favor of petitioner, but respondent sought review from a master arbitrator, who vacated the award of the initial arbitrator and issued an award in favor of respondent. In this CPLR article 75 proceeding to review the determination of the master arbitrator, respondent appeals from an order that granted the petition, vacated the award of the master arbitrator, confirmed the award of the initial arbitrator, and denied the cross petition to confirm the master arbitrator's award. We affirm.
It is well settled that "[t]he role of the master arbitrator is to review the determination of the arbitrator to assure that the arbitrator reached his [or her] decision in a rational manner, that the decision was not arbitrary and capricious . . . , incorrect as a matter of law . . . , in excess of the policy limits . . . or in conflict with other designated no-fault arbitration proceedings' (Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207, 212 [1981]). This power does not include the power to review, de novo, the matter originally presented to the arbitrator' " (Matter of Progressive Cas. Ins. Co. [Elite Med. Supply of N.Y., LLC], 162 AD3d 1471, 1472 [4th Dept 2018]). Here, we agree with petitioner that the master arbitrator impermissibly performed a de novo review of the medical evidence, and thus clearly exceeded his powers. The initial arbitrator concluded that respondent failed to meet its burden of submitting a peer review report setting forth a medical rationale for denying the claim, inasmuch as the peer review report submitted by respondent was conclusory, failed to set forth appropriate medical standards and failed to address the specifics of the case. Contrary to respondent's contention, the master arbitrator did not conclude that the arbitrator's determination was incorrect as a matter of law. To the contrary, the master arbitrator reviewed the evidence de novo and concluded that the peer review report submitted by respondent "appears rational." Thus, contrary to respondent's contention, Supreme Court properly determined that the master arbitrator exceeded his authority (see generally Matter of Allstate Ins. Co. v Keegan, 201 AD2d 724, 725 [2d Dept 1994]).
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court