In the Matter of Metro Pain Specialist, P.C., as Assignee of Ramiro Loaiza-Hurtado, Respondent,
against
Country-Wide Insurance Company, Appellant. 




Jaffe & Velazquez, LLP (Jean H. Kang of counsel), for appellant.
Gabriel & Shapiro, LLC (Lenard Brumfield, Esq.), for respondent (no brief filed).

Appeal from an order of the District Court of Suffolk County, Third District (James F. Matthews, J.), dated November 2, 2017. The order granted the petition in a CPLR 7511 proceeding to vacate a master arbitrator's award dated December 19, 2016, and, upon such vacatur, in effect, confirmed the arbitrator's award and awarded attorney's fees to petitioner.




ORDERED that the order is affirmed, with $25 costs, and the matter is remitted to the District Court for further proceedings consistent herewith.
After a provider's claims for assigned first-party no-fault benefits had been denied based on the provider's "failure to cooperate" at an examination under oath, and upon "improper kickbacks," "improper fee splitting," "improper fee scheduling" and "billing for services not rendered," the provider submitted the claims to arbitration pursuant to Insurance Law § 5106 (b). Following a hearing, the arbitrator found that the provider had established its prima facie case which the insurer had failed to rebut, and awarded the provider the monies it sought. The insurer appealed the award to the master arbitrator who, by an award dated December 19, 2016, vacated the arbitrator's award and remitted the matter for a hearing before a new arbitrator. The provider then commenced this proceeding to vacate the master arbitrator's award, pursuant to CPLR 7511 (1) (b) (iii), on the ground that the master arbitrator had exceeded his power. The insurer opposed the petition and requested that the master arbitrator's award be confirmed. The District [*2]Court, by order dated November 2, 2017, from which the insurer appeals, found that there was a rational basis for the original arbitrator's award, that the master arbitrator had "exceeded his statutory authority," granted the petition, vacated the master arbitrator's award, and, upon such vacatur, "reinstated" the original arbitrator's award, and awarded attorney's fees to the provider.
The scope of judicial review of a master arbitrator's award is limited to whether the master arbitrator exceeded his power (see Matter of Smith [Firemen's Ins. Co.], 55 NY2d 224 [1982]; Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207 [1981]). The role of a master arbitrator "is to review the arbitrator's determination to assure that it was reached in a rational manner and that the decision was not arbitrary and capricious. It does not include the power to review, de novo, the matter originally presented to the arbitrator" (Matter of Allstate Ins. Co. v Keegan, 201 AD2d 724, 725 [1994]; see also Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207; Matter of Progressive Cas. Ins. Co. [Elite Med. Supply of NY, LLC], 162 AD3d 1471, 1472 [2018]). A master arbitrator exceeds his statutory power by making factual determinations, by reviewing factual and procedural errors committed at the original arbitration hearing, by weighing the evidence, or by resolving issues of credibility (see Matter of Smith [Firemen's Ins. Co.], 55 NY2d 224; Matter of Richardson v Prudential Prop. & Cas. Ins. Co., 230 AD2d 861 [1996]; Matter of Allstate Ins. Co. v Keegan, 201 AD2d at 725).
Here, the master arbitrator vacated the arbitrator's award based on "[t]he rational and what appears to [sic] insufficient evidence presented," which necessarily involves a review of the facts by the master arbitrator (see e.g. Matter of Allstate Ins. Co. v Keegan, 201 AD2d at 725). Upon our review of the record, we find that there was a rational basis for the original arbitrator's award. Consequently, the master arbitrator exceeded his authority by reviewing, de novo, factual issues already determined by the original arbitrator (see Matter of Richardson v Prudential Prop. & Cas. Ins. Co., 230 AD2d 861). We, thus, affirm the order of the Civil Court which vacated the master arbitrator's award and, in effect, confirmed the arbitrator's award (see CPLR 7511 [b] [1] [iii]; 7510).
Furthermore, the provider is entitled to recover reasonable attorney's fees for this appeal (see 11 NYCRR § 65-4.10 [j] [4]; Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 170 AD3d 1168, 1169 [2019]; Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 705 [2017]). Therefore, the matter is remitted to the District Court to determine the provider's reasonable attorney's fees for this appeal (see Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 170 AD3d at 1168). 
Accordingly, the order is affirmed and the matter is remitted to the District Court for further proceedings relating to attorney's fees.
It is noted that a proceeding to vacate or to confirm an arbitrator's award is a special proceeding brought pursuant to CPLR article 4 and should, therefore, terminate in a judgment rather than an order (see CPLR 411).
ADAMS, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 02, 2020