| Country-Wide Ins. Co. v Horizon Anesthesia Group, PC |
| :---: |
| 2024 NY Slip Op 32660(U) |
| July 31, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 650580/2020 |
| Judge: Anar Rathod Patel |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 45M

------------------------------------------------------------------------X

COUNTRY-WIDE INSURANCE COMPANY

Petitioner,

- v -

HORIZON ANESTHESIA GROUP, PC,

Respondent.

------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650580/2020 |
| **MOTION DATE** | 01/27/2020 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

**HON. ANAR RATHOD PATEL**:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1–6, 8–17 were read on this motion to/for VACATE – DECISION / ORDER / JUDGMENT / AWARD.

## Relevant Factual and Procedural History

This is a special proceeding, pursuant to CPLR Article 75, commenced by Petitioner Country-Wide Insurance Company ("Petitioner") seeking an order and judgment vacating master arbitration award of Victor J. Hershdorfer (dated October 22, 2019), which affirmed the no-fault arbitration award of John Talay (dated July 22, 2019) granting Respondent Horizon Anesthesia Group, PC, as assignee of Devon Schuler, ("Respondent") claim for no-fault insurance compensation for health service expenses.  Pursuant to a hearing held on June 25, 2019, Arbitrator Talay awarded the amount of $691.76, together with interest, attorneys' fees, and additional fees, sought by Respondent for providing services to its assignor, who claimed to have been injured in a motor vehicle accident on September 28, 2017.

Petitioner commenced the present action by filing a Notice of Petition and Petition on January 27, 2020.  NYSCEF Doc. Nos. 1, 2.  This matter was initially assigned to Judge Debra James and was reassigned subsequently to this Court.

## Discussion

The standard of review in Article 75 proceedings depends on the amount awarded by the arbitrator.  Where the amount in contention does not exceed five thousand dollars ($5,000.00), courts grant deference to the findings of the arbitrators.  "In cases of compulsory arbitration, this court has held that CPLR article 75 'includes review . . . of whether the award is supported by evidence or other basis in reason.'  This standard has been interpreted to import into [A]rticle 75

650580/2020   COUNTRY-WIDE INSURANCE COMPANY vs. HORIZON ANESTHESIA GROUP, PC          Page 1 of 4
Motion No.  001

[* 1]

review of compulsory arbitrations the arbitrary and capricious standard of [A]rticle 78 review." *Matter of Petrofsky (Allstate Ins. Co.)*, 54 N.Y.2d 207, 211 (1981) (quoting *Mount St. Mary's Hosp. of Niagara Falls v. Catherwood*, 26 N.Y.2d 493, 508 (1970)). Thus, if the amount awarded in arbitration is less than the statutory amount, the judiciary is restricted by the findings of the arbitrators. Only when review has basis in an enumerated ground in CPLR § 7511 or the court finds that the arbitration award is a result of arbitrary or capricious determinations by the arbitrators may the court interject.

"Further, 'a court is bound by the arbitrator's factual findings and interpretations of the contract,' and it 'cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one.' The 'arbitrator's award will not be vacated for errors of law and fact committed by the arbitrator and the courts should not assume the role of overseers to mold the award to conform to their sense of justice.'" *Metro. Transp. Auth. v. Westfield Fulton Ctr., LLC*, No. 2023–03965, 2024 WL 2853484, at *1 (1st Dept. 2024) (internal citations omitted).

As the amount at issue, $691.76, is less than the statutory amount, this Court will review the arbitrator's award under an arbitrary and capricious standard. This Court will only vacate the award if it was granted as a result of arbitrary and capricious determinations by the arbitrators or if there is basis in an enumerated ground in CPLR § 7511(b). "[J]udicial review of arbitration awards is extremely limited. An arbitration award must be upheld when the arbitrator 'offer[s] even a barely colorable justification for the outcome reached.'" *Wien & Malkin LLP v. Helmsley-Spear, Inc.*, 6 N.Y.3d 471, 479 (2006).

Petitioner initiated this action to vacate the arbitration award pursuant to CPLR § 7511(b)(1)(i), (iii) and (iv). There is no argument or support in the record to find that the award was procured by "corruption, fraud or misconduct" beyond Petitioner's statement that the action was pursuant to CPLR § 7511(b)(1)(i). Similarly, there is no argument or support in the record to find that the rights of Petitioner were prejudiced by "failure to follow the procedure of this article." CPLR § 7511(b)(1)(iv).

Petitioner contends that the hearing arbitrator award was irrational, unsupported by the evidence, arbitrary, and capricious because it directed the payment of healthcare services that Petitioner maintains were not medically necessary. The expenses at issue relate to Respondent's claims for anesthesia related to a shoulder surgery rendered for injuries sustained by the non-party assignor. Petitioner denied the claim based upon a Causality Review by Dr. Andrew Bazos, who opined that:

> While it is within acceptable medical probability, the claimant had sustained mild self-limiting injuries to the shoulder as a result of the accident, there is no need for surgical intervention… Additionally, as previously stated, it appears that shoulder complaints are primarily related to pre-existing changes present in the shoulder as opposed to acute trauma.

NYSCEF Doc. No. 5 at 31–32. Arbitrator Talay, however, determined that:

650580/2020   COUNTRY-WIDE INSURANCE COMPANY vs. HORIZON ANESTHESIA GROUP, PC          Page 2 of 4
Motion No. 001

2 of 4

The peer physician, Dr. Bazos, asserts that the injuries were pre-existing and not related to this accident. Nonetheless, he does assert that there was an exacerbation or aggravation of the prior existing injury to the shoulder.

The Appellate Court has held that once the affirmative defense is raised that the injury is not related to the motor vehicle accident, the respondent/carrier is bound by the following guidelines. The Appellate Court in *Mount Sinai v. Triboro Coach*, stated the carrier has the burden of coming forward with proof in an admissible form to establish the fact or evidentiary foundation for its belief that the patient's condition for which he as treated was unrelated to the motor vehicle accident.

Further, carrier must show the injury was not related to the accident at all. They must show how, when and where the injury happened and was not aggravated or exacerbated. Finally, the carrier proof may not be vague, conclusive, inconsistent or unsupported by records.

. . . .

In this case the respondent does not present any evidence to support its position. In this case the peer orthopedist for respondent admits that the accident aggravated the pre-existing shoulder condition. I find the conclusions medical opinion, therefore, to be not persuasive.

NYSCEF Doc. No. 3 at 8–9 (Arbitrator Talay's No Fault Arbitration Award). "It is within the province of the lower arbitrator to determine what evidence to accept or reject and what inferences should be drawn based on the evidence." *Community Med. Imaging P.C. v. American Tr. Ins. Co.*, 206 N.Y.S.3d 919 (N.Y. Cnty. Sup. Ct. 2024). These factual determinations are not actions that exceed the hearing arbitrator's authority.

This Court must defer to factual determinations as made by the hearing arbitrator. Likewise, the master arbitrator is limited to the factual record presented to and determinations made by the hearing arbitrator. A master arbitrator does not have "the power to review, *de novo*, the matter originally presented to the arbitrator. A master arbitrator exceeds his statutory power by making his own factual determination, by reviewing factual and procedural errors committed during the course of arbitration, by weighing the evidence . . . ." *Matter of Allstate Ins. Co. v. Keegan*, 201 A.D.2d 724, 725 (2d Dept. 1994) (internal citations omitted). Further, a "master arbitrator shall only consider those matters which were the subject of the arbitration below or which were included in the arbitration award appealed from." 11 NYCRR § 65-4.10(c)(6). Considering these restraints on the master arbitrator's scope of review, Arbitrator Hershdorfer was correct to rely on the factual determinations of Arbitrator Talay and affirm the hearing arbitrator's award in its entirety. *See* NYSCEF Doc. No. 6 at 2–3 (Arbitrator Hershdorfer's Master Arbitration Award). Accordingly, these actions do not support finding that the master arbitrator exceeded his authority.

[* 3]

Because none of the grounds for vacating an award, as enumerated in CPLR § 7511(b), are present in the record, and the hearing arbitrator, as affirmed by the master arbitrator, provided at least "a colorable justification for the outcome reached," this Court must deny the petition to vacate the arbitration award. *Wein & Malkin, LLP*, 6 N.Y.3d at 479. Accordingly, the award is "confirmed pursuant to CPLR § 7511(e), which mandates confirmation upon denial of a motion to vacate or modify." *Blumenkopf v. Proskauer Rose LLP*, 95 A.D.3d 647, 648 (1st Dept. 2012).

As such, it is hereby

**ORDERED** that the Petition is denied and the awards of the No-Fault Arbitrator and Master Arbitrator rendered in favor of Respondent Horizon Anesthesia Group, PC, and against Petitioner Country-Wide Insurance are confirmed.

| July 31, 2024 | | A. R. Patel (signature) | |
|---|---|---|---|
| **DATE** | | **ANAR RATHOD PATEL, A.J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |