## Matter of Country-Wide Ins. Co. v Sono RX, Inc.

2024 NY Slip Op 32875(U)

August 14, 2024

Supreme Court, New York County

Docket Number: Index No. 655196/2023

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. JOHN J. KELLEY**                           PART                          56M

                                                                          *Justice*

-------------------------------------------------------------------------------X

In the Matter of                                                          INDEX NO.              655196/2023

COUNTRY-WIDE INSURANCE COMPANY,                    MOTION DATE           07/12/2024

                                         Petitioner,                MOTION SEQ. NO.          001

                              - v -
                                                                          **DECISION, ORDER, AND**
SONO RX, INC., as assignee of ELIGIO RODRIGUEZ,      **JUDGMENT**

                                         Respondent.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19

were read on this motion to/for            VACATE - DECISION/ORDER/JUDGMENT/AWARD.

Country-Wide Insurance Company (Country-Wide) petitions pursuant to CPLR 7511(b)(1)(iii) to vacate an award of a master arbitrator dated July 21, 2023, which affirmed the award of a lower arbitrator dated May 20, 2023, awarding no-fault motorist benefits to the respondent Sono RX, Inc. (Sono), as assignee of Eligio Rodriguez. Sono opposes the petition. The petition is denied, and, upon the denial of the petition, the July 21, 2023 award of the master arbitrator is confirmed.

Rodriguez allegedly was injured in a motor vehicle accident on January 13, 2018. On January 22, 2018, and again on February 12, 2018, he obtained prescription diclofenac 3% sodium gel from Sono to treat his injuries. Rodriguez assigned Sono his right to recover no-fault benefits from Country-Wide, which had issued a policy of automobile insurance to Rodriguez. With respect to the January 22, 2018 invoice, Country-Wide paid Sono the sum of $1,811.65 on May 2, 2018. Sono also made claim upon Country-Wide with respect to the February 12, 2018 invoice in the sum of $1,886.40, representing the amount that it invoiced Rodriguez for the

655196/2023   COUNTRY-WIDE INSURANCE COMPANY vs. SONO RX INC.                          Page 1 of 10
Motion No.  001

1 of 10

medication. More than one year later, County-Wide issued a global denial of the claim, asserting that the limits of coverage under its policy had been exhausted.

Sono demanded arbitration of the claim before the American Arbitration Association (AAA). In response, Country-Wide asserted that it had denied coverage on the ground not only that coverage under the relevant no-fault policy had been exhausted, but that collateral estoppel barred Sono's claim because the same issue previously had been decided by AAA in a prior arbitration proceeding involving another claimant, under Case Number 17-20-1173-5476, in which an AAA arbitrator had determined that the applicable no-fault policy had been exhausted. On November 22, 2022, a remote arbitration hearing was conducted in Nassau County before an arbitrator acting under the auspices of AAA.

In a decision and award dated November 23, 2022, the arbitrator (hereinafter the initial lower arbitrator) denied Sono's claim, finding that the limits of the relevant no-fault insurance policy had been exhausted. The initial lower arbitrator explained that,

> "[w]hen an insurer has paid the full monetary limits set forth in the policy, its duties under the contract of insurance cease. *Countrywide Ins. Co. v. Sawh*, 272 A.D.2d 245 (1st Dept. 2000). A defense of no coverage due to the exhaustion of No-Fault insurance policy's limit may be asserted by an insurer despite is failure to issue a NF-10 denial of claim form within the requisite 30-day period. *New York & Presby. Hosp. v. Allstate Ins. Co.*, 12 A.D.3d 579, 580 (2d Dept. 2004); *Flushing Traditional Acupuncture, P.C. v. Infinity Group*, 2012 NY Slip Op 22345 (App Term 2d, 11th & 13th Jud Dists November 26, 2012); *Crossbridge Diagnostic Radiology v. Encompass Ins.*, 24 Misc.3d 134(A), 2009 NY Slip Op5141(U) (App Term 2d, 11th & 13th Jud Dists 2009). An Arbitrator's award directing payment in excess of the limits of an insurance policy exceeds the arbitrator's power and constitutes grounds for vacatur of the award. *Matter of Brijmohan v. State Farm Ins. Co.*, 92 N.Y.2d 821, 822 (1998); *Countrywide Ins. Co. v. Sawh*, 272 A.D.2d 245 (1st Dept. 2000)."

He also held that the doctrine of collateral estoppel barred Sono's claim, inasmuch as he had previously determined, in another arbitration proceeding initiated by a different claimant, that the limits of Country-Wide's no-fault policy already had been exhausted.

Sono appealed the initial lower arbitrator's award to a master arbitrator. In a decision and award dated February 20, 2023, the master arbitrator reversed the initial lower arbitrator's

**655196/2023 COUNTRY-WIDE INSURANCE COMPANY vs. SONO RX INC.**
**Motion No. 001**

Page 2 of 10

2 of 10

[* 2]

award, concluding that collateral estoppel did not bar Sono's claim, and that, under the circumstances presented by the dispute, Country-Wide could be required to pay in excess of its no-fault policy.

Specifically, the mater arbitrator concluded that, although collateral estoppel may require an arbitrator to give preclusive effect to a prior arbitration award, and that it is within an arbitrator's authority to determine whether a prior award should be given preclusive effect, in this matter, Sono, which was not a party to that arbitration proceeding, did not have a full and fair opportunity to be heard on the issue of whether Country-Wide's policy limits had been exhausted. He also found that Sono was not in privity with the claimant in the prior arbitration proceeding arising from the same accident in which Rodriguez had been injured. Hence, the master arbitrator concluded that the initial lower arbitrator incorrectly applied the doctrine of collateral estoppel to preclude Sono's claim.

With respect to the issue of policy exhaustion, the master arbitrator acknowledged that, as a general rule, it would be beyond an arbitrator's authority to award benefits to a no-fault claimant after the limits of the relevant policy had been exhausted. He explained, however, that

> "the carrier has the burden of establishing that the policy has been exhausted, *and that it has been exhausted while following the priority of payment rule found at 11 N.Y.C.R.R. 65-3.15* which states that when claims exceed the policy limits '. . . payment for basic economic loss shall be made . . . in the order in which each service was rendered or each expense was incurred, provided claims were made to the insurer prior to the exclusion period...'

> "The Court of Appeals has laid out an exception to the first in time rule. In *Nyack Hospital v. General Motors Acceptance Corporation*, 8 N.Y.3d 294 (2007), the Court held that the insurer should continue to pay on claims as received and should not set aside a portion of the policy to pay claims that were challenged and which might be subsequently upheld.

> "The 'challenge' rule has its limitations. The denial should be timely and should have been based at least on a good faith basis that the claim is not owed.

> "To hold that there is a 'bright line' would in effect write 11 NYCRR §65-3.15 out of the regulations and would allow an insurer to act arbitrarily in choosing which applicant was to be paid"

**655196/2023   COUNTRY-WIDE INSURANCE COMPANY vs. SONO RX INC.**
**Motion No.  001**

**Page 3 of 10**

3 of 10

(emphasis added).  He continued, noting that "[n]owhere is there a basis for finding that a party who opts for arbitration is giving up any rights provided by 11 NYCRR §65-3.15 which holds that a properly verified claim should be paid ahead of subsequently verified claims."  He cited to several Supreme Court decisions in which a no-fault insurer was directed to pay a claimant no-fault benefits even after the policy limits had been exhausted, where the claim had been fully verified prior to the exhaustion of the policy, and the insurer did not properly apply the "first-in-time" priority-of-payment rule.  As the master arbitrator further ruled, for an insurer to invoke policy exhaustion as a defense, it must show "that the policy was *properly* exhausted prior to the underlying arbitration (*see* 11 NYCRR §65-3.15)" (*Matter of DTR Countrywide Ins. Co. v. Refill Rx Pharmacy, Inc*., 212 AD3d 481, 481 [1st Dept 2023] [emphasis added]).

The master arbitrator thus remitted the matter to a new lower arbitrator to review Country-Wide's payment logs, and any other relevant proof, to determine how much, if any, of the policy remained available to pay the applicant's claims as of the time when the benefits in dispute were verified, as well as the applicability both of the priority-of-payment rule set forth in 11 NYCRR 65-3.15 and the exception to the rule recognized by the Court of Appeals in *Nyack*.

Upon remittal, the matter was assigned to a new lower arbitrator, who, acting under the auspices of AAA, conducted a new virtual hearing on May 15, 2023 from his office in Queens County.  In a decision and award dated May 20, 2023, the new lower arbitrator found that the policy had indeed been exhausted prior to any of the dates on which the arbitration hearing in this matter had been conducted.  As the new lower arbitrator explained it, however,

> "[n]otwithstanding the exhaustion of the policy prior to the *adjudication* of this claim, an insurer is required to show more than the mere exhaustion of benefits and must also demonstrate that the payments which led to the depletion of policy benefits were made in compliance with 11 NYCRR § 65-3.15.  *Nyack Hosp. v. General Motors Acceptance Corp.,* 8 N.Y.3d 294 (2007)."

> "In this instance, Applicant's counsel argues Applicant *timely submitted their bill to Respondent when there was sufficient money available under the policy to pay this disputed claim*.  Applicant submits satisfactory proof of mailing indicating that the bill for the medication disputed herein was mailed to Respondent on 3/22/18"

**655196/2023   COUNTRY-WIDE INSURANCE COMPANY vs. SONO RX INC.**
**Motion No.  001**

**Page 4 of 10**

4 of 10

[* 4]

(emphasis added). The new lower arbitrator found that Country-Wide received the claim no later than March 27, 2018, that Country-Wide did not request further verification, which would have tolled the 30-day period for paying the claim, and that Country-Wide did not deny the claim on any substantive or procedural ground within that 30-day period. He further found that, at the conclusion of that 30-day period, when the claim was deemed to have been verified by operation of law, the policy had not been exhausted, and, in fact, was not exhausted for more than one year after that claim was deemed to have been verified.

The new lower arbitrator thus found that Country-Wide "did nothing with regards to this bill after it became fully verified" and that "[e]xcept for the subsequent policy exhaustion defense," Country-Wide "present[ed] no evidence of a specific defense to this bill." He further concluded that Country-Wide waived any defense premised on its alleged non-receipt of the invoice or claim, since it had not raised that contention in any prior contentions or submissions, despite being on notice that a new lower arbitrator would be considering the underlying claim. The lower arbitrator thus concluded that Country-Wide

> "recklessly disregarded the mandated claims process and as such, Respondent cannot now seek refuge under the cover that the policy is exhausted. Permitting such 'gross disregard' by the Respondent of the Applicant's claim would undermine the basic principles set forth in 11 NYCRR 65.15, which mandates claim practice principles to be followed by all insurers, including assisting the Applicant in the processing of a claim; not treating the Applicant as an adversary; and clearly informing the Applicant of the insurer's position regarding any disputed matter. I further recognize the limitations of an arbitrator's ability to award in excess of the policy limits. However, as detailed above Respondent has not submitted the evidence necessary to establish that it had a viable claim for exhaustion of policy limits for this bill as there were sufficient monies available under the policy to reimburse Applicant in full at the time this bill was deemed verified. Therefore, Applicant's claim is granted in its entirety."

In light of that conclusion, the new lower arbitrator awarded Sono the principal sum of $1,886.40, along with attorneys' fees in accordance with 11 NYCRR 65-4.6(b), representing 20% of the principal sum, or $377.28, and costs in the sum of $40.00, for a total of $2,303.68, with simple prejudgment interest at the rate of 2% per month on the first $1,886.40 from May 20, 2023, which was the date of the award.

655196/2023   COUNTRY-WIDE INSURANCE COMPANY vs. SONO RX INC.                    Page 5 of 10
Motion No.  001

5 of 10

Country-Wide appealed the May 20, 2023 award to the same master arbitrator who had determined the prior appeal. In a decision and award dated July 21, 2023, the master arbitrator rejected Country-Wide's legal arguments, and confirmed the May 20, 2023 award in all respects, while also awarding Sono an additional $60.00 in attorneys' fees and $75.00 in costs.

This proceeding ensued.

An arbitration award may be vacated pursuant to CPLR 7511(b)(1)(iii) where an arbitrator exceeded his or her power, including where the award violates strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power (*see Matter of Isernio v Blue Star Jets, LLC*, 140 AD3d 480 [1st Dept 2016]). Where, as here, arbitration is compulsory (*see* Insurance Law § 5105), closer judicial scrutiny of the arbitrator's determination is required under CPLR 7511(b) than that applicable to consensual arbitrations (*see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co*., 89 NY2d 214 [1996]; *Matter of Furstenberg [Aetna Cas. & Sur. Co.–Allstate Ins. Co.]*, 49 NY2d 757 [1980]; *Mount St. Mary's Hosp. v Catherwood*, 26 NY2d 493 [1970]). To be upheld, an award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious (*see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co*., 89 NY2d 214 [1996]; *Matter of Furstenberg [Aetna Cas. & Sur. Co.–Allstate Ins. Co.]*, 49 NY2d 757 [1980]).

A master arbitrator

> "has the authority to vacate or modify an arbitration award based upon a ground set forth in CPLR article 75 (*see* 11 NYCRR 65.19[a][1]). The power of the master arbitrator to review factual and procedural issues is limited to whether the arbitrator acted in a manner that was arbitrary and capricious, irrational or without a plausible basis. If the determination of the arbitrator is challenged based upon an alleged factual error, the master arbitrator must uphold the determination if it has a rational basis"

(*Liberty Mut. Ins. Co. v Spine Americare Med., P.C*., 294 AD2d 574, 576 [2d Dept 2002] [some citations and internal quotation marks omitted]).

Insurance Law § 5106(a) provides that,

655196/2023   COUNTRY-WIDE INSURANCE COMPANY vs. SONO RX INC.
Motion No. 001

Page 6 of 10

6 of 10

"[p]ayments of first party benefits and additional first party benefits shall be made as the loss is incurred. Such benefits are overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained."

To implement that statute, the New York State Department of Insurance, which has since been incorporated into the New York State Department of Financial Services, promulgated 11 NYCRR 65-3.15, which provides that

"[w]hen claims aggregate to more than $50,000, payments for basic economic loss shall be made to the applicant and/or an assignee *in the order in which each service was rendered or each expense was incurred, provided claims therefor were made to the insurer prior to the exhaustion of the $50,000*. If the insurer pays the $50,000 before receiving claims for services rendered prior in time to those which were paid, the insurer will not be liable to pay such late claims. If the insurer receives claims of a number of providers of services, at the same time, the payments shall be made *in the order of rendition of services*"

(emphasis added).

Where there is no dispute that the subject no-fault policy had been exhausted prior to the underlying arbitration, despite the fact that a claim had been made prior to its exhaustion, an arbitrator exceeds his or her power in awarding no-fault benefits to a claimant even where the claim had been improperly denied or delayed on other grounds prior to the arbitration. In such a case, even though the insurer may have erroneously denied or delayed processing the claim, that claim does not retain its priority of payment with respect to other claims that had been submitted subsequent thereto, but nonetheless had been processed and paid (*see Matter of New Millennium Pain & Spine Medicine, P.C. v Progressive Cas. Ins. Co.*, 220 AD3d 578, 578 [1st Dept 2023] [even though insurer may have erroneously denied a no-fault claim as medically unnecessary, an arbitrator had no authority to award benefits after exhaustion of policy, even though claim had been submitted to insurer prior to exhaustion, and subsequent claims by other claimants had been paid]; *Matter of Ameriprise Ins. Co. v Kensington Radiology Group, P.C.*, 179 AD3d 563, 564 [1st Dept 2020] [since respondent's patient never appeared for an examination under oath, the claim thus was not verified, and that claim did not retain priority-of-payment with respect to later verified claims submitted by other claimants]; *Harmonic Physical*

655196/2023 COUNTRY-WIDE INSURANCE COMPANY vs. SONO RX INC.
Motion No. 001

Page 7 of 10

[* 7]

*Therapy, P.C. v Praetorian Ins. Co.*, 47 Misc 3d 137[A], 2015 NY Slip Op 50525[U] [App Term, 1st Dept 2015] [same as *New Millennium*]; *cf. Montefiore Med. Ctr. v Government Empls. Ins. Co.*, 34 AD3d 771, 772 [2d Dept 2006] [triable issue of fact as to whether insurer had exhausted the limits of the relevant no-fault policy]).

Here, however, Sono established that the policy had not been exhausted, both when it submitted its claim to Country-Wide, and when the claim was verified by operation of law 30 days hence. Sono further established that Country-Wide had not denied the claim on other grounds, such as lack of medical necessity, fraudulent staging of the underlying accident, or failure timely to verify the claim by failing to submit to an examination under oath or an independent medical examination, which would have permitted Country-Wide to vault later-submitted verified claims ahead of Sono's claim. It also demonstrated that Country-Wide never requested further verification of the claim. Rather, Sono established that, despite receiving and impliedly verifying its claim, Country-Wide violated the priority-of-payment regulation by processing and paying later-submitted claims. As the Court of Appeals explained it in In *Nyack Hosp. v General Motors Acceptance Corp.* (8 NY3d 29, 301 [2007]), an insurer is liable to pay a claimant in excess of the limits of its no-fault policy where it verifies the subject claim, but exhausts its policy limits prior to paying the subject claim by instead paying other claimants whose claims had been verified subsequent to the subject claim. In other words, "[o]nce claims have been verified," such as Sono's claim had been verified here, "they are subject to the priority of payment regulation, 11 NYCRR 65-3.15" (*Alleviation Med. Servs., P.C. v Allstate Ins. Co.,* 191 AD3d 934, 935 [2d Dept 2021]).

Inasmuch as the master arbitrator did not make his own factual determinations, review alleged factual or procedural errors made in the course of the arbitration, weigh the evidence, or resolve credibility issues, he did not exceed his authority (*see Matter of Richardson v Prudential Prop. & Cas. Co.*, 230 AD2d 861 [2d Dept 1996]). The court concludes that the master

**655196/2023   COUNTRY-WIDE INSURANCE COMPANY vs. SONO RX INC.**          **Page 8 of 10**
  **Motion No.  001**

8 of 10

arbitrator correctly applied the law with respect to both the issue of collateral estoppel and the priority-of-payment regulations and, thus, properly affirmed the new lower arbitrator's award.

The grounds specified in CPLR 7511 are exclusive (*see Bernstein Family Ltd. Partnership v Sovereign Partners, L.P*., 66 AD3d 201 [1st Dept. 2009]) and it is a "well-established rule that an arbitrator's rulings, unlike a trial court's, are largely unreviewable" (*Matter of Falzone v New York Cent. Mut. Fire Ins. Co*., 15 NY3d 530, 534 [2013]).  Since the court concludes that master arbitrator's award was not irrational or contrary to public policy, and that, consequently, neither the new lower arbitrator nor the master arbitrator exceeded his authority, the petition to vacate the master arbitrator's award must be denied.  Pursuant to CPLR 7511(e), "upon the denial of a motion to vacate or modify" an award, the court "shall confirm the award."

Department of Financial Services' regulation 11 NYCRR 65-4.10(j) provides that,

> "[t]he attorney's fee for services rendered in connection with . . . a court appeal from a master arbitration award and any further appeals, shall be fixed by the court adjudicating the matter."

The court concludes that Sono, as the prevailing party, has established that it reasonably incurred $2,750.00 in litigating this dispute.  Hence, in addition to the sums awarded by the new lower arbitrator and the master arbitrator, Sono is entitled to an award of $2,750.00.  Interest on an award of attorneys' fees is the date on which the party seeking those fees has been determined to be the prevailing party (*see Solow Mgmt. Corp. v Tanger*, 19 AD3d 225, 226 [1st Dept 2005]), which the court concludes is the date of entry of this decision, order, and judgment.

In light of the foregoing, Sono is entitled to a total award of $5,188.68, representing the principal sum of $1,886.40, the $377.28 in attorneys' fees, and the $40.00 in costs awarded by the new lower arbitrator, the $60.00 in attorneys' fees and the $75.00 in costs awarded by the master arbitrator, and the $2,750.00 in attorneys' fees awarded by this court, with simple prejudgment interest at the rate of 2% per month on the first $1,886.40 of that sum, from May 20, 2023.

**655196/2023   COUNTRY-WIDE INSURANCE COMPANY vs. SONO RX INC.**
**Motion No.  001**

**Page 9 of 10**

9 of 10

[* 9]

Accordingly, it is,

ORDERED and ADJUDGED that the petition is denied, and it is, further,

ADJUDGED that, upon the denial of the petition to vacate the master arbitration award, that master arbitration award, which was issued by the American Arbitration Association under Case No. 17-21-1192-3339 and Assessment No. 99-21-1192-3339, and was dated July 21, 2023, is confirmed; and it is further,

ORDERED that the Clerk of the court shall enter a money judgment in favor of the respondent, Sono RX, Inc., as assignee of Eligio Rodriguez, and against the petitioner, Country-Wide Insurance Company, in the principal sum of $5,188.68, plus interest at the rate of 2% per month from May 20, 2023, calculated on a pro rata basis using a 30-day month, on the first $1,886.40 of that sum.

This constitutes the Decision, Order, and Judgment of the court.

8/14/2024
**DATE**

JOHN J. KELLEY, J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**655196/2023   COUNTRY-WIDE INSURANCE COMPANY vs. SONO RX INC.**
**Motion No.  001**