## Country-Wide Ins. Co. v Surgicore Surgical Center LLC

2024 NY Slip Op 33272(U)

September 18, 2024

Supreme Court, New York County

Docket Number: Index No. 652356/2020

Judge: Anar R. Patel

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 45

-------------------------------------------------------------------------X

COUNTRY-WIDE INSURANCE COMPANY

                     Plaintiff,

        - v -

SURGICORE SURGICAL CENTER LLC,

                 Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652356/2020 |
| **MOTION DATE** | 06/09/2020 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

**HON. ANAR RATHOD PATEL:**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1–7, 9–14 were read on this motion to/for VACATE – DECISION / ORDER / JUDGMENT / AWARD.

## Relevant Factual and Procedural History

This is a special proceeding, pursuant to CPLR Article 75, commenced by Petitioner Country-Wide Insurance Company ("Petitioner") seeking an order and judgment vacating master arbitration award of Jonathan Hill (dated February 14, 2020), which affirmed the no-fault arbitration award of Greta Vilar (dated November 24, 2019) granting Respondent Surgicore Surgical Center LLC's, as assignee of Joan De Los Santos, ("Respondent") claim for no-fault insurance compensation for health service expenses.

Here, Petitioner denied the claim at issue based upon the Independent Medical Examination (IME) report of Dr. Vitollo and the peer review report of Dr. Granatir, who opined collectively that the service at issue was not medically necessary, or causally related to the May 19, 2017, motor vehicle accident in which the assignor sustained injuries.  Pursuant to a hearing held on November 22, 2019, Arbitrator Vilar awarded the amount of $780.00, together with interest, attorneys' fees, and additional fees, sought by Respondent for providing services to its assignor. Arbitrator Hill affirmed the determination of Arbitrator Vilar's award in its entirety.

Petitioner commenced the present action by filing a Notice of Petition and Petition on June 9, 2020.  NYSCEF Doc. Nos. 1, 2.  This matter was initially assigned to Judge Debra James and was reassigned subsequently to this Court.

## Discussion

The standard of review in Article 75 proceedings depends on the amount awarded by the arbitrator. Where the amount in contention does not exceed five thousand dollars ($5,000.00),

**652356/2020   COUNTRY-WIDE INSURANCE COMPANY vs. SURGICORE SURGICAL CENTER LLC**
**Motion No.  001**

         **Page 1 of 4**

[* 1]

courts grant deference to the findings of the arbitrators. "In cases of compulsory arbitration, this court has held that CPLR article 75 'includes review . . . of whether the award is supported by evidence or other basis in reason.' This standard has been interpreted to import into [A]rticle 75 review of compulsory arbitrations the arbitrary and capricious standard of [A]rticle 78 review." *Matter of Petrofsky (Allstate Ins. Co.)*, 54 N.Y.2d 207, 211 (1981) (quoting *Mount St. Mary's Hosp. of Niagara Falls v. Catherwood*, 26 N.Y.2d 493, 508 (1970)). Thus, if the amount awarded in arbitration is less than the statutory amount, the judiciary is restricted by the findings of the arbitrators. Only when review has basis in an enumerated ground in CPLR § 7511 or the court finds that the arbitration award is a result of arbitrary or capricious determinations by the arbitrators may the court interject.

"Further, 'a court is bound by the arbitrator's factual findings and interpretations of the contract,' and it 'cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one.' The 'arbitrator's award will not be vacated for errors of law and fact committed by the arbitrator and the courts should not assume the role of overseers to mold the award to conform to their sense of justice.'" *Metro. Transp. Auth. v. Westfield Fulton Ctr., LLC*, No. 2023–03965, 2024 WL 2853484, at *1–2 (1st Dept. 2024) (internal citations omitted).

As the amount at issue, $780.00, is less than the statutory amount, this Court will review the arbitrator's award under an arbitrary and capricious standard. This Court will only vacate the award if it was granted as a result of arbitrary and capricious determinations by the arbitrators or if there is basis in an enumerated ground in CPLR § 7511(b). "[J]udicial review of arbitration awards is extremely limited. An arbitration award must be upheld when the arbitrator 'offer[s] even a barely colorable justification for the outcome reached.'" *Wien & Malkin LLP v. HelmsleySpear, Inc.*, 6 N.Y.3d 471, 479 (2006).

Petitioner initiated this action to vacate the arbitration award pursuant to CPLR § 7511(b)(1)(i), (iii) and (iv). There is no argument or support in the record to find that the award was procured by "corruption, fraud or misconduct" beyond Petitioner's statement that the action was pursuant to CPLR § 7511(b)(1)(i). Similarly, there is no argument or support in the record to find that the rights of Petitioner were prejudiced by "failure to follow the procedure of this article." CPLR § 7511(b)(1)(iv).

Petitioner argues that the no-fault arbitrator's award was irrational, not supported by the evidence, and arbitrary and capricious because Arbitrator Vilar did not consider Dr. Vitollo's IME report in reaching her award. Petitioner further argues that the master arbitrator erred in affirming the award because he incorrectly determined that Arbitrator Vilar reviewed both the peer review report of Dr. Granatir and the IME report of Dr. Vitollo. *See* NYSCEF Doc. No. 6 (2/14/20 Arbitrator Hill's Award) at 4. Arbitrator Vilar states in her decision, "The respondent acknowledged receipt of the applicant's claim and issued timely denials based upon lack of medical necessity. The denial indicates that the patient had an IME conducted by Dr. Vitollo on October 19, 2017. However, that IME is not part of the record before me." NYSCEF Doc. No. 3 (11/24/19 Arbitrator Vilar's Award) at 2. The decision goes on to state, however, that the "denial also indicates that it is based upon a peer review report of Dr. Granatir dated February 6, 2018." *Id*. Arbitrator Vilar then discusses the peer review report in detail and determines that it "is insufficient for the respondent to meet its burden of proof on the issue of medical necessity" for

652356/2020  COUNTRY-WIDE INSURANCE COMPANY vs. SURGICORE SURGICAL CENTER LLC
Motion No. 001

Page 2 of 4

various reasons. *Id.* Arbitrator Vilar did consider that Dr. Vitollo's IME report determined that the service at issue was not medically necessary and she further considered the merits of the peer review report—among other evidence and after having conducted a hearing on November 22, 2019. This Court must defer to factual determinations as made by the hearing arbitrator. Accordingly, the Court finds that the no-fault arbitration award has evidentiary support and a plausible basis.

The master arbitrator is limited to the factual record presented to and determinations made by the hearing arbitrator. A master arbitrator does not have "the power to review, *de novo*, the matter originally presented to the arbitrator. A master arbitrator exceeds his statutory power by making his own factual determination, by reviewing factual and procedural errors committed during the course of arbitration, by weighing the evidence . . . ." *Matter of Allstate Ins. Co. v. Keegan*, 201 A.D.2d 724, 725 (2d Dept. 1994) (internal citations omitted). Further, a "master arbitrator shall only consider those matters which were the subject of the arbitration below or which were included in the arbitration award appealed from." 11 NYCRR § 65-4.10(c)(6). Considering these restraints on the master arbitrator's scope of review, Arbitrator Hill was correct to rely on the factual determinations of Arbitrator Vilar and affirm the hearing arbitrator's award in its entirety. *See* NYSCEF Doc. No. 6 at 2–3 ("it would appear that this matter involved a factual dispute between the parties concerning the issue of medical necessity and after considering all of the evidence submitted by the parties, the Arbitrator made what appears to be a rational finding in favor of the Applicant. In addition, to question the Arbitrator's findings regarding the evidence presented would be akin to a *de novo* review of the facts which is beyond the powers of a Master Arbitrator."). Accordingly, these determinations do not support finding that the master arbitrator exceeded his authority.

Because none of the grounds for vacating an award, as enumerated in CPLR § 7511(b), are present in the record, and the hearing arbitrator, as affirmed by the master arbitrator, provided at least "a colorable justification for the outcome reached," this Court must deny the petition to vacate the arbitration award. *Wien & Malkin LLP v. Helmsley-Spear, Inc.,* 6 N.Y.3d 471, 479 (2006). Accordingly, the award is "confirmed pursuant to CPLR § 7511(e), which mandates confirmation upon denial of a motion to vacate or modify." *Blumenkopf v. Proskauer Rose LLP*, 95 A.D.3d 647, 648 (1st Dept. 2012).

*[INTENTIONALLY LEFT BLANK]*

**652356/2020   COUNTRY-WIDE INSURANCE COMPANY vs. SURGICORE SURGICAL CENTER LLC**   **Page 3 of 4**
**Motion No.  001**

Accordingly, it is hereby

**ORDERED** that the Petition is denied and the awards of the No-Fault Arbitrator and Master Arbitrator rendered in favor of Surgicore Surgical Center, LLC, and against Petitioner Country-Wide Insurance are confirmed; and it is further

**ORDERED** that the Clerk of the Court shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk of the Court mark this case as disposed.

The foregoing constitutes the decision and order of this Court.

20240918171312ARPATELF62F9C5AE7204300902234DC110257EB7

**9/18/2024**
_____
**DATE**

_____
**ANAR R. PATEL, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

652356/2020   **COUNTRY-WIDE INSURANCE COMPANY vs. SURGICORE SURGICAL CENTER LLC**          Page 4 of 4

**Motion No.  001**